(February 23, 1906.)

## CLORA MARKLE DAHLSTROM et al., Plaintiffs, vs. THE PORTLAND MINING COMPANY et al., Defendants.

[85 Pac. 916.]

WRIT OF REVIEW—WHEN ISSUES—MOTION TO QUASH—APPEAL—ORDER—APPEALABLE ORDER.

1. Under the provisions of section 4962 of the Revised Statutes, a writ of review will be issued upon proper application when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.

2. Under the provisions of said section two things must appear before a writ of review will be issued: 1. That such tribunal, board or officer has exceeded its jurisdiction; and 2. That there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.

3. Under the provisions of section 9, article 5 of the constitution, the supreme court is empowered to review, upon appeal, any decision of the district court or the judges thereof. Some orders, however, are only reviewable on an appeal from the judgment or order granting or denying a new trial.

4. The order of the court sought to be reviewed was made after judgment, and plaintiffs had an appeal therefrom.

5. Under the provisions of section 4880 of the Revised Statutes, an ''order'' is defined to be every direction of a court or judge made or entered in writing and not included in a judgment.

6. When it appears that the plaintiff has an appeal that is adequate from an order, a writ of review on motion will be quashed.

(Syllabus by the court.)

ORIGINAL application in this court for writ of review. Motion to quash. *Sustained.*

John P. Gray, for A. H. Featherstone.

A writ of review does not lie where there is a remedy by appeal. (*People v. Lindsay,* 1 Idaho, 394; *Graham v. Superior Court,* 74 Cal. 217, 15 Pac. 746; *Hayes v. First Judicial Dist. Court,* 11 Mont. 225, 28 Pac. 259; *Rogers v. Hayes,* 3 Idaho, 597, 32 Pac. 259; *Noble v. Superior Court,* 109 Cal.

523, 42 Pac. 155; *State v. District Court,* 27 Mont. 179, 70 Pac. 516; *State v. Justice Court,* 31 Mont. 258, 78 Pac. 498.)

The writ of review will not lie because the time limit for taking an appeal has expired. (*McCue v. Superior Court,* 71 Cal. 545, 12 Pac. 615; *In re Stuttmeister,* 71 Cal. 322, 12 Pac. 270; *Bennett v. Wallace,* 43 Cal. 25; *Faut v. Mason,* 47 Cal. 8.)

*Certiorari* will not lie to review a judgment after the expiration of the time limit for appeal, unless circumstances of an extraordinary character intervene. (*Keyes v. Marin County,* 42 Cal. 256; *Reynolds v. Superior Court,* 64 Cal. 372, 28 Pac. 121; *Smith v. Superior Court of Los Angeles,* 97 Cal. 348, 32 Pac. 322; *Ramsey v. Pettengill,* 14 Or. 207, 12 Pac. 439.)

The special order after final judgment is appealable; therefore a writ of review will not lie to review such an order of the court. (*Slavoncia Assn. v. Superior Court of Santa Clara,* 65 Cal. 500, 4 Pac. 500; *Ramsey v. Pettengill,* 14 Or. 207, 12 Pac. 439; *Hayes v. First Judicial District Court,* 11 Mont. 225, 28 Pac. 259; *Stoddard v. Superior Court,* 108 Cal. 303, 41 Pac. 278; *White v. Superior Court,* 110 Cal. 54, 42 Pac. 471; *Tucker v. Justice Court,* 120 Cal. 512, 52 Pac. 808; *Southern California Ry. Co. v. Superior Court,* 127 Cal. 417, 59 Pac. 789.)

W. W. Woods, for Clora Markle Dahlstrom.

The original jurisdiction granted by the constitution to this court to issue writs of *certiorari* cannot be either devested or abridged by the legislature.

The granting of this writ is discretionary. (*Harris v. Barber,* 129 U. S. 366, 32 L. ed. 697, 9 Sup. Ct. Rep. 314.)

Since the issuing of the writ is discretionary, a motion to quash is addressed to the discretion of the court, and will be granted or denied accordingly. (4 Ency. of Pl. & Pr. 234, citing *Flourney v. Payne,* 28 Ark. 87; *Ex parte Pearce,* 44 Ark. 509; *State v. Hudson City,* 29 N. J. L. 115; *State v. Street Commrs.,* 38 N. J. L. 320; *State v. Manning,* 40 N. J. L. 461; *White v. Wager,* 185 Ill. 195, 57 N. E. 26, 50 L. R. A. 60.)

Where an inferior court or tribunal exceeds its jurisdiction, *certiorari* lies, even though there is a right of appeal. (*State ex rel. Hamilton v. Guniette,* 156 Mo. 513, 57 S. W. 281; *Hyslop v. Finch,* 99 Ill. 171.)

The remedy by *certiorari* could not be taken away without some clear legislative enactment to that effect. (*Ritter v. Kunkle,* 39 N. J. L. 259; *State v. Falkinburge,* 15 N. J. L. 320.)

Even though appeal can be taken, *certiorari* not inhibited. (*People v. Donahue,* 15 Hun, 418.)

In Georgia and Delaware it is held that appeal and *certiorari* are cumulative remedies. (*Roser v. Marlow,* R. M. Charlt. (Ga.) 542; *Williams v. Buichinal,* 3 Harr. 83.)

A. G. Kerns, for Portland Mining Company.

The language, "special order made after final judgment," in the statute naming appealable orders, does not include action by a judge wholly in excess of his jurisdiction after the satisfaction of a judgment of record. The phrase means some special order of the court made after final judgment affecting the rights of the parties, plaintiffs or defendants, before the entry of satisfaction, on a motion by one of the parties, plaintiffs or defendants.

An order can only be made in a cause then pending. (Idaho Rev. Stats., sec. 4881.)

The jurisdiction of the court over the controversy and over the parties, acquired in the primary action by service of process, continued until its judgment is satisfied. (*Phelps v. Mutual etc. Ins. Co.,* 112 Fed. 453, 50 C. C. A. 339; Freeman on Judgments, 121, 466.)

Under a statute similar to our own, it has been held *certiorari* will lie, even in a case where an appeal is given, if the latter be ineffectual as a remedy. (*Paul v. Armstrong,* 1 Nev. 82.)

SULLIVAN, J.—This is an original application in this court for a writ of review. It is set forth in the complaint or petition for the writ that on September 2, 1895, the Portland

Mining Company executed promissory notes aggregating
$49,338.64 to Clora Markle Dahlstrom, and notes aggregating
$39,476.26 to Alvin Markle, and secured all of said promis-
sory notes by mortgages on property in Shoshone county,
Idaho, the mortgage being given to the Markle Banking and
Trust Company of Hazleton, state of Pennsylvania, as trus-
tee; that on December 5, 1902, a judgment decreeing the
foreclosure of said mortgages to satisfy the amount due
thereon was duly rendered by the district court of the first
judicial district of the state of Idaho, in Shoshone county;
that on January 10, 1905, the said Clora Markle Dahlstrom
and Alvin Markle made, executed and delivered to the said
Portland Mining Company a satisfaction in writing of the
said judgment and decree of foreclosure, and in considera-
tion thereof and a stay of proceedings, the Portland Mining
Company on said date executed, acknowledged and delivered
to said Clora Markle Dahlstrom a confession of judgment in
writing for $49,338.64, principal, $28,616.41, interest,
$7,795.50, attorney's fees, and $49.55, costs, aggregating
$85,800.20, to bear interest at seven per cent from December
5, 1902, and at the same time delivered a like confession of
judgment to Alvin Markle for $39,476.26, principal;
$22,896.23, interest, $6,237.24, attorney's fees, and $10.30,
costs, aggregating $68,620.03, to bear interest at seven per cent
from December 5, 1902; that on April 11, 1905, said satisfac-
tion of judgment was filed in said district court and the decree
of foreclosure was satisfied of record, and on the same date
several confessions of judgment were duly and regularly filed
and entered of record in said court; that on July 1, 1905,
Honorable R. T. Morgan, judge of the said district court, act-
ing wholly without jurisdiction and in excess of the jurisdic-
tion of the said district court, without service of process on
the part of the Portland Mining Company or the Markle
Banking and Trust Company, or Clora Markle Dahlstrom or
Alvin Markle, and upon a petition by one Albert H. Feather-
stone, who was not a party to said suit, made a pretended
order vacating and setting aside the satisfaction of decree of
foreclosure of December 5, 1902, and at the same time and

with a lack of jurisdiction, pretended to make and did make and sign as such judge and cause to be entered on the records of said court, a pretended order decreeing said Featherstone to be the equitable assignee of the decree of foreclosure of December 5, 1902, to the extent of $5,987.24, with interest at seven per cent from December 5, 1902, and declared the claim of the said Featherstone a lien upon said judgment and directed the sale of the mortgaged premises to satisfy said claim; that on September 20, 1905, execution issued out of the said district court on said pretended order of July 1, 1905, and the mortgaged premises was advertised for sale by the sheriff to satisfy said claim of Featherstone in preference to the remaining portions of the said decree; that the sole consideration for the confessions of judgment aforesaid was the satisfaction of the decree of foreclosure and a stay of proceedings until the expiration of an existing obligation to purchase said premises or the exercise of such obligation, for a sufficient sum to pay off said confessions of judgment, and said confessions of judgment remain unsatisfied and a lien on the former mortgaged premises; that said action of said judge has clouded and confused the liens against the mortgaged premises, and impairs the property rights and contract obligations of these petitioners, and purports to give an unlawful and unjust preferred lien against said premises, and that petitioners have no appeal or other plain, speedy or adequate remedy in the premises.

Upon the foregoing allegations a writ of review was issued. A return to said writ was made by the defendants which sets up the pleadings in the original action of Clora Markle Dahlstrom and Alvin Markle, plaintiffs, against the Portland Mining Company, and the Markle Banking and Trust Company, defendants, and all of the proceedings had in said action in said district court, and also all proceedings connected with said case of which the plaintiffs in this proceeding complain.

Counsel on behalf of A. H. Featherstone and the judge of the said district court file their motion herein to quash the said writ of review and to dismiss the petition or complaint

on three grounds: 1. That the plaintiffs and petitioners had no standing herein, for the reason that they have a plain, speedy, adequate and complete remedy at law by appeal; 2. For the reason that a writ of review will not lie to review a judgment after the expiration of the time limit for an appeal, unless circumstances of an extraordinary character intervene, none of which have been shown to exist by the petition; 3. For the reason that the order sought to be reviewed is a special order made after final judgment, and is appealable under the Revised Statutes of the state of Idaho and the constitution of this state; 4. For the reason that it appears that the court had jurisdiction of the subject matter of the suit and of the parties, and therefore jurisdiction to make and enter the order sought to be reviewed.

Under the provisions of section 4962 of the Revised Statutes, a writ of review may be granted by any court, except a probate or justice's court, when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy. It will be observed that two things must be shown to exist before a writ of review will be issued. The first is that an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction; and, second, that there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy. If, in the case at bar, the petitioners had an appeal, the motion to quash the writ must be granted.

Under the provisions of section 9 of article 5 of the constitution of Idaho, the supreme court is empowered to review, upon appeal, any decision of the district courts or the judges thereof. Then conceding that the court had no jurisdiction to make the order complained of, and the petitioners having the right to appeal, they are not entitled to have the order of the court or judge reviewed upon writ of *certiorari.*

Section 4880 defines an "order" as every direction of a court or judge made or entered in writing and not included in a judgment. It appears that at the time of hearing the

motion for said order Clora Markle Dahlstrom appeared specially by her attorneys, and the Portland Mining Company appeared specially by its attorney, and resisted the said motion. After that hearing the court made the order complained of, and the petitioners had the right to an appeal, which we think would have been an adequate remedy in the matter. Said order was made on the 1st of July, 1905, and an appeal therefrom could have been heard at the October, 1905, term of this court. The petition for the writ of review was filed in this court on October 3, 1905, some days after the time for taking such appeal had expired. The court does not intend to pass upon the merits of the main controversy in this matter. We simply hold that the petitioners had the right to appeal from the order complained of and should have taken an appeal. The statute provides that appeals from certain orders must be taken within sixty days, while the review of certain other orders may be had on an appeal from the judgment or from the order granting or refusing a new trial. It was not intended that a separate appeal should be taken from every order made in the trial of a case, but it was intended to give the supreme court jurisdiction to review every decision of the district court. All orders that could as well be reviewed on an appeal from the judgment or from the order granting or refusing a new trial as on separate appeals, should be reviewed on appeals from the judgment or the order granting or denying a new trial. It appears from the record before us that the time has expired for an appeal from the order of July 1, 1905, but it appears that a decree of judgment was entered after said order was made. An appeal may be taken from that judgment within a year after the entry thereof. The motion to quash the writ is granted, with costs in favor of A. H. Featherstone.

Stockslager, C. J., and Ailshie, J., concur.