(December 31, 1907.)

## THE CANADIAN BANK OF COMMERCE, a Corporation, Plaintiff, v. FREMONT WOOD, as Judge of the Third Judicial District of the State of Idaho, Sitting at Chambers at Wallace, Shoshone County, Idaho, within the First Judicial District of the State of Idaho, Defendant.

[93 Pac. 257.]

CERTIORARI—APPEALABLE ORDER—FINAL JUDGMENT—ORDER DIRECTING RECEIVER TO PAY MONEY.

1. Under the provisions of Revised Statutes, section 4962, a writ of review may be granted by any court except a probate or justice's court, when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy or adequate remedy.

2. Under this statute, two things must be shown to exist before a writ of review will be issued: First, that an inferior tribunal, board or officer, exercising judicial functions, has exceeded its jurisdiction; and, second, that there is no appeal, nor, in the judgment of the court, any plain, speedy or adequate remedy.

3. An order made by a judge allowing claims, and disallowing others, against an estate, and directing a receiver to pay, out of the funds in his hands, such claims as the judge has allowed, and distribute the funds in the hands of the receiver, according to the order and judgment of the judge, is an appealable order or judgment, and *certiorari* will not lie to review such order.

4. An allegation in a petition for writ of *certiorari*, that if an appeal be taken, the expense will be heavy and disproportionate to the amount the plaintiff will recover, is not a reason why the appeal will not be a plain, speedy and adequate remedy, and does not warrant this court in reviewing the judgment by writ of *certiorari*.

(Syllabus by the court.)

PETITION for writ of *certiorari* to review an order or judgment of the judge of the district court of Shoshone County. Hon. Fremont Wood, Judge of the Third Judicial District, sitting at chambers in the First Judicial District in and for Shoshone County. *Motion to quash sustained.*

John M. Gearin, Ezra R. Whitla, J. N. Smith, and Samuel R. Stern, for Plaintiff.

Counsel for defendant insists that we have the right to appeal, because section 9, article 5 of the constitution of Idaho provides in effect that every decision or order of a district court or judge is appealable, but that is not the point.

The question of whether any party has the right of an appeal which would preclude a writ of *certiorari* resolves itself into one whether the statute provides the judicial machinery—the adversary process to bring the estate to this court. If it has not made such provision, then there is no appeal within the meaning of the rule that a writ of *certiorari* will not be granted where there is an appeal. This court, construing section 9, article 5, in the case of *State v. Reed,* 3 Idaho, 554-556, 32 Pac. 202, says: "If there is no provision in the statute by which a defendant in a criminal case may have the order of the district court overruling his motion for a change of place of trial 'reviewed on appeal,' then, under the provisions of section 9, article 5 of the constitution, he may have his writ of error or such other proper writ as this court may see fit to issue to reach that end." (See, also, *Nez Perce County v. Latah County,* 2 Idaho, 1131, 31 Pac. 800; *Rupert v. Board,* 2 Idaho, 21, 2 Pac. 718.) Counsel relies upon the case of *Dahlstrom v. Portland Min. Co.,* 12 Idaho, 87, 85 Pac. 916, but that case does not sustain his contention, because the order sought to be reviewed upon *certiorari* was a special order made after final judgment, and from such an order there is an appeal provided by statute. In this case, this order of Judge Wood was not a special order made after final judgment. It purports to be a final judgment of itself, and is in contravention of the judgment of Judge Morgan, and not subsidiary to it, nor can it be construed as a provisional remedy to enforce that judgment. The decision of this court in the Dahlstrom case supports our contention, because in that case the court held that where the statutes provide a remedy by appeal, a writ of

*certiorari* could not be sustained. In the oral argument of this case, counsel for defendant admitted there is no statute providing for a direct appeal.

The plaintiffs herein rely upon the following cases from the supreme court of Idaho as showing our right to *certiorari* herein: *Dahlstrom v. Portland Min. Co.,* 12 Idaho, 87, 85 Pac. 916; *Gaffney v. Piper,* 5 Idaho, 490, 51 Pac. 99; *Madison v. Piper,* 6 Idaho, 137, 53 Pac. 395; *Cummings v. Steele,* 6 Idaho, 666, 59 Pac. 15; and we contend that there is no right of appeal given by statute from this order of Judge Wood within the meaning of *State v. Reed,* 3 Idaho, 554, 556, 32 Pac. 202; *Nez Perce Co. v. Latah Co.,* 2 Idaho, 1131, 31 Pac. 800; *Rupert v. Board,* 2 Idaho, 21, 2 Pac. 718. Counsel for defendant in this case has no right to insist that the Canadian Bank of Commerce shall hazard its litigation upon a questionable right to appeal, but before the right to appeal shall deprive it of the writ of *certiorari,* such right must be clearly provided by statute and applicable to the case at hand.

If the conduct of the defendant judge in assuming jurisdiction at the request of the attorneys for either the receiver or creditors was such as to justify the application for and the granting of this writ, then the consequences and the expense of preparing the record should be upon those who have made this sort of proceeding necessary. If we had rights which either the receiver or creditors were bound to respect and such rights were attempted to be violated, we are not to blame, and we should not be visited with the expense of correcting the error.

John P. Gray and J. H. Forney, for Defendant.

The judgment entered by Judge Wood was a final judgment in that action, and appealable under the statutes and the constitution of the state of Idaho. (Idaho Const., art. 5, sec. 9; *Chemung Min. Co. v. Hanley,* 11 Idaho, 302, 81 Pac. 619; *Patterson v. Ward,* 6 N. Dak. 359, 71 N. W. 543.)

Plaintiff has shown no circumstances of an extraordinary character that have intervened to prevent the prosecution of the appeal from Judge Wood's decision. (*Dahlstrom v. Portland Min. Co.,* 12 Idaho, 87, 85 Pac. 916, and cases there cited.)

In this case the plaintiff has attempted to perfect his appeal, and states in his petition "that to attempt to take this appeal means the expenditure of almost a prohibitory sum of money." The remarkable reason advanced by the petitioner as a justification of his application for a writ of review would be equally applicable to any other appeal. It is apparent from the petition itself that the only object in the application for a writ of review in this case is to shift the burden of the expense of preparing the record from itself to this defendant.

By its own petition the plaintiff shows that it is at the present time prosecuting an appeal, upon the consideration of which, if properly perfected, this court can review all questions which plaintiff attempts to raise in its application for a writ of review.

A writ of review does not lie where there is a remedy by appeal. (*People v. Lindsay,* 1 Idaho, 394; *Graham v. Superior Court,* 74 Cal. 217, 15 Pac. 746; *Hayes v. District Court,* 11 Mont. 225, 28 Pac. 259; *Rogers v. Hayes,* 3 Idaho, 597, 32 Pac. 259; *Noble v. Superior Court,* 109 Cal. 523, 42 Pac. 155; *State v. District Court,* 27 Mont. 179, 70 Pac. 516; *State v. Justice Court,* 31 Mont. 258, 78 Pac. 498.)

STEWART, J.—On August 3, 1907, Judge Fremont Wood, judge of the third judicial district of the state of Idaho, sitting at chambers at Wallace, Shoshone county, Idaho, and within the first judicial district of the state of Idaho, filed in said court the following order or judgment:

*"In the District Court of the First Judicial District of the State of Idaho, in and for the County of Shoshone.*

"GEORGE B. McAULEY, and VAN B. DeLASHMUTT, Plaintiffs, v. THE COEUR d'ALENE BANK, a Corporation, Defendant.

## "DECREE.

"Be it remembered, That the above-entitled action came on to be heard before the judge of the above-entitled court, sitting at chambers in Wallace, Idaho, on the 20th day of April, 1907, the Honorable Fremont Wood, Judge of the Third Judicial District of the state of Idaho, presiding at the request of the Honorable W. W. Woods, Judge of the above-entitled court, said judge of the above-entitled court, being disqualified by reason of the fact that he had been attorney for the Receiver of the said bank and the said receiver, Abner G. Kerns, being personally present and represented by his attorney, J. H. Forney, John P. Gray and Henry S. Gregory; and Joseph P. Keane, claiming to be a creditor of the said bank being personally present and represented by his attorney, Albert H. Featherstone, and the Canadian Bank of Commerce, claiming to be a creditor of said bank and being represented by its attorney, Samuel R. Stern, and George Stewart, claiming to be a creditor of said bank being represented by his attorney, A. H. Conner, and John Reedy, Alexander E. Mayhew, Mrs. E. J. Jackson and Edward Doyle, claiming to be creditors of said bank being represented by their attorneys, A. H. Conner, Walter H. Hanson and James A. Wayne; and all of the persons so interested or claiming to be interested thereupon consented to the hearing of all matters in connection with the said action before the said court and the said judge sitting in chambers on the said day, and no objection being made, the court proceeded to hear the said cause on the report of the Receiver, filed the 14th day of January, 1907, and upon the petitions of Joseph P. Keane, George Stewart and John Reedy, Alexander E. Mayhew, Mrs. E. J. Jackson and Edward Doyle, and the complaint and records and files in the

said action, and evidence was introduced and heard by the court, and after argument of counsel for the respective parties present, the court took the said cause under advisement.

"And now, at this time, the court having fully considered the said cause and being advised in the premises, and having made its finding of fact and the conclusions of the law therefrom,

"It is hereby ordered, adjudged and decreed as follows:

"1. That the former order of this court dated the 20th day of April, 1907, ordering, adjudging and decreeing that the sum of Ten Thousand Dollars ($10,000) be fixed and allowed as the sum of money to be paid to the said Receiver for his compensation and expenses in the employment of counsel, and that the same be in full payment for all services rendered to April 20th, 1907, and for such other services as may be rendered in the ordinary administration of the said estate, and directing the said Receiver to pay the said sum of money for the said services be and the same hereby is confirmed and made a part of this decree; and that the former order of this court, dated April 20th, 1907, ordering, adjudging and decreeing that the expense account of the Receiver for moneys expended by him as such officer up to and including the 14th day of January, 1907, amounting to the sum of Four Hundred Eighty Dollars and Thirty-two Cents ($480.32) be allowed, is hereby confirmed and made a part of this decree.

"2. That the claim of the Bank of British Columbia, amounting to the sum of Fourteen Thousand Four Hundred and Five Dollars and Forty Cents ($14,405.40) principal, be and the same is hereby disallowed, and that the said Canadian Bank of Commerce, claiming to be the assignee and successor in interest of the said Bank of British Columbia receive nothing from the said Receiver.

"3. That the claims of Joseph P. Keane, and each and all of them be and the same are hereby disallowed, and that the said Joseph P. Keane receive nothing from the said Receiver on account of said claims.

"4. That the said Receiver proceed to close the administration of the affairs of the said Coeur d'Alene Bank; that

a notice be published for a period of —— weeks in the 'Idaho Press' a weekly newspaper published at Wallace, Idaho, and in 'The Times,' a daily newspaper published at Wallace, Idaho, directing the creditors of the said bank to apply to the said Receiver for the payment of their claims and that the said Receiver pay the said claims, together with interest, in proportion as the assets in the hands of the Receiver bear to the entire amount of claims of the said creditors. That the said receiver also give personal notice in writing to such creditors whose address is known to him; that in the event any of the said creditors of the said bank do not apply to the said Receiver on or before the 1st day of ——, 190——, for the payment of their said claims, the claims of such creditors as fail to make application on or before said first day of ——, 190——, shall then be disallowed, and any moneys remaining in the hands of the said Receiver after said first day of ——, 190——, shall be applied proportionately among these creditors who have appeared and applied for the payment of their claims, as in this decree provided in payment of any balance due upon their said claims and the interest thereon; and that the interest so to be paid by the Receiver is hereby fixed at the sum of —— per cent per annum.

"5. That upon the distribution of the money in the hands of the said Receiver, as provided in this decree, and upon the filing by the said Receiver of proper vouchers showing the payment thereof, the said Receiver shall be entitled to be discharged.

"6. That the said Receiver be allowed the sum of Two Hundred Fifty Dollars ($250) for necessary expenses in closing the administration of the estate of the said bank, and in making the distribution as provided in this decree.

"7. That the report of the said Receiver, filed on the 14th day of January, 1907, be and the same is hereby approved except as by this decree modified.

"Dated this 27th day of July, A. D., 1907.

"FREMONT WOOD, Presiding Judge.

"Filed Aug. 3, 1907.''

Thereafter, and on the seventh day of October, 1907, the plaintiff herein filed a petition praying for a writ of *certiorari* to review said order or judgment.  The writ was issued, commanding the defendant to certify to this court a full and complete transcript and record in said proceedings, on the eighteenth day of November, 1907, and was served upon the defendant by acknowledgment of service on the fifteenth day of October.  On the day set for the return, the defendant appeared and filed a motion to quash the writ upon a number of grounds, one of which is that service of said writ was not made upon the parties in interest in the proceeding, as shown in the petition for the writ.  After argument the court was of the opinion that the affidavit and notice of the hearing should have been served, not only upon the defendant, the judge who made said order, but upon all other parties shown by the record to be real parties in interest or whose interests would be directly affected by the proceedings, under paragraph 5, rule 28 of this court.  Under the Revised Statutes, sections 4963 and 4967, and this rule, it is not necessary that any of the parties except the defendant should have been named as defendant, but it was necessary that the names of the parties really interested should be disclosed by the petition, and that service of such affidavit and notice should be made upon such persons.  The effect of a failure to serve such parties is not a ground for quashing the writ, but at most calls only for a postponement of the hearing until such parties have reasonable notice of the time of such hearing.  (*Baker v. Superior Court*, 71 Cal. 583, 12 Pac. 685; *Havemeyer v. Supreme Court*, 84 Cal. 327, 18 Am. St. Rep. 192, 24 Pac. 121, 10 L. R. A. 627.)  The court, therefore, in this case, postponed the final hearing of this cause to the fifteenth day of December, 1907, and required that notice of such hearing be given to all parties disclosed by the petition to be parties in interest or whose interest would be affected by such proceedings.  Service was duly made upon such parties and the cause was submitted thereafter upon the motion to quash the writ.  The motion contains nine different grounds, the first eight of which go to

the sole question as to whether or not a writ of *certiorari* would lie in this action. Revised Statutes, section 4962, provides: ''A writ of review may be granted by any court, except a probate or justice's court, when an inferior tribunal, board or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.'' Conceding, therefore, without deciding that Judge Wood had no jurisdiction to enter the judgment complained of, yet if the petitioner herein had the right to appeal from said order, the writ of *certiorari* would not lie to review said judgment or order.

In the case of *Chemung Min. Co. v. Hanley,* 11 Idaho, 302, 81 Pac. 619, this court had under consideration the question as to whether an order appointing a receiver pending the litigation was an appealable order. Justice Sullivan, speaking for the court in that case, says: ''Under the provisions of section 9, article 5 of our state constitution, this court has jurisdiction to review, upon appeal, any decision of the district court or the judges thereof. An order granting or refusing a motion for the appointment of a receiver is a decision, and such decision is appealable; therefore the order of the district court denying the appointment of a receiver in this case is an appealable order.''

In the case of *Dahlstrom v. Portland Min. Co.,* 12 Idaho, 87, 85 Pac. 916, this court had under consideration the provisions of said section, and Justice Sullivan, speaking for the court, said: ''It will be observed that two things must be shown to exist before a writ of review will be issued. The first is that an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction; and, second, that there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy. If in the case at bar, the petitioners had an appeal, the motion to quash the writ must be granted.''

In the case of *Grant v. Superior Court,* 106 Cal. 324, 39 Pac. 604, a writ of prohibition was sought to arrest the action of the superior court in making an order fixing the com-

pensation of a receiver appointed by such court, and the court says: "We are of the opinion that, whether the proceeding which the petitioners seek to arrest is or is not without or in excess of the jurisdiction of the superior court, the writ of prohibition ought not to issue, for the reason that the petitioners have a plain, speedy and adequate remedy by appeal from any order the court may make by which they could be injuriously affected." And further: "If we are right in the conclusion that any party aggrieved by an order of the court directing him to pay the receiver's compensation, or directing payment out of a fund in which he is interested, has an appeal from such order as from a final judgment in an independent proceeding, collateral to the main action, and that he may stay all proceedings upon such order pending his appeal by filing a proper undertaking, there can be no need of a writ of prohibition in such a case, and it will not lie."

In the case of *Grant v. Los Angeles etc. Ry.*, 116 Cal. 71, 47 Pac. 872, the court had under consideration appeals from two orders of the superior court; the first, an order fixing the compensation of a receiver in the action, and the other an order denying an application of the appellant to vacate a former order and substituting him as plaintiff in the action in place of the entered party or original plaintiff. The objection was made that such orders were not appealable and that both appeals should be dismissed. In discussing this question, the court says: "As to the order fixing the receiver's compensation, while not nominally one from which the statute authorizes a direct appeal, and while it sufficiently appears that it is not a special order made after final judgment, it is nevertheless an adjudication from which an appeal will lie. The order not only fixes the compensation of the receiver, but taxes such compensation as costs in the action, as against all the parties, and directs and authorizes the receiver to apply toward its payment the balance of a fund remaining in his hands as such receiver. Such an order, however it may be designated, is, in legal effect, 'a final judgment upon a collateral matter arising out of the

action,' and is 'appealable by any party interested in the fund.' "

In the case of *Elliott v. Superior Court,* 144 Cal. 501, 103 Am. St. Rep. 102, 77 Pac. 1109, the petitioner sought to review by *certiorari* certain orders of the superior court of San Diego county, made after final judgment. In relation to the payment of certain expenses of the receivership and services of attorneys for the receiver, the court says: "If the order complained of is appealable, *certiorari* cannot be invoked and *certiorari* will not lie to review orders of the superior court directing a receiver in an equity case to pay counsel fees, if there is a remedy by appeal therefor."

Revised Statutes, section 4962, is practically the same as section 1068 of Kerr's Code of Civil Procedure of California.

An examination of the judgment sought to be reviewed in this case discloses that said judgment affirms certain action taken by the same court in a former order, and paragraph 2 of the decree adjudges that the claim of the Bank of British Columbia, amounting to the sum of $14,405.40, principal, is disallowed and the Canadian Bank of Commerce, claiming to be the assignee and successor in interest of the said Bank of British Columbia, receive nothing from the receiver. Thus it will be seen that by this judgment the plaintiff herein who claimed over $14,000 due out of said estate, the decree disallows such claim entirely.

In paragraph 3 of the decree, the claim of Joseph P. Keane is disallowed. In paragraph 4, the receiver is directed to close the administration of the affairs of the Coeur d'Alene bank, and to apply the moneys received therefrom in proportion as the assets in the hands of the receiver bear to the entire amount of the claim of said creditors, and that in the event any of the creditors do not apply to the receiver by a certain date for the payment of their claims, that the claims of such of said creditors who fail to make application, shall be disallowed, and any moneys remaining in the hands of the receiver shall be applied proportionately among those who have appeared and applied for the payment of their claims as this decree provides. Paragraph 5 of the

decree directs that upon the distribution of the money in the hands of the receiver, the receiver shall be discharged and that he be allowed the sum of $250.00 for necessary expenses in closing the administration of the estate. It will thus be seen that by this decree, the plaintiff herein, who made a large claim, was denied any relief whatever, his claim being disallowed *in toto,* and the funds in the hands of the receiver were directed to be paid out by the receiver and distributed according to the terms of the decree. This decree was a final judgment. It directed the payment of money in the hands of the receiver. It adjudicated and allowed claims against the estate and disallowed others, and, under the law, it ordered the receiver to pay out and distribute a fund in which the plaintiff and others claimed an interest. It was a final judgment as to plaintiff's claim. Clearly, an appeal would lie therefrom, and the right of appeal excludes the right to proceed by *certiorari.*

In the case of *Dahlstrom v. Portland Min. Co.,* 12 Idaho, 87, 85 Pac. 916, this court said: "If, in the case at bar, the petitioner had an appeal, the motion to quash the writ must be granted."

In the case of *Stoddard v. Superior Court,* 108 Cal. 303, 41 Pac. 278, the court says: "It may be readily admitted that the court had no jurisdiction to make the order, but as the order is appealable, *certiorari* will not lie because it lies only where there is no appeal." And again: "We have been referred to no case in which it has been held that under our code a writ of *certiorari* will lie to reverse an appealable order. That the appeal does not afford a plain, speedy and adequate remedy makes no difference; the provision of the statute governs."

In the case of *White v. Superior Court,* 110 Cal. 54, 42 Pac. 471, the court said: "Void judgments and orders are not less appealable by reason of that fact, and when that remedy is afforded, it excludes the right to *certiorari,* notwithstanding the order be void in the extreme sense."

In the case of *Southern Cal. Ry. Co. v. Superior Court,* 127 Cal. 417, 59 Pac. 789, the court reviews the various Cali-

fornia cases passing upon this question up to that time, and approves the doctrine that the writ will not lie where there is an appeal provided by law. Counsel for plaintiff, however, contends that an appeal would not furnish a plain, speedy and adequate remedy, and as grounds alleges in his affidavit "that in view of the peculiar circumstances in this case, affiant and his associates are of the opinion that the court will ultimately hold that the said Canadian Bank of Commerce, said appellant, has no plain, speedy or adequate remedy, except in the issuance of a writ of *certiorari* as provided for by the statutes of the state of Idaho; that to attempt to take this appeal means the expenditure of almost a prohibitory sum of money; that owing to the small amount to be distributed to the creditors, it is questionable in the minds of affiant and his associates whether or not a sufficient dividend will ultimately be declared to give to the appellant the relief to which it should be properly entitled; that the proposed bill of exceptions, without an amendment, is a very voluminous bill, containing between sixty and seventy pages, and this without amendments and without considering the printing of briefs, and then to send up the records in this case on appeal, means an expenditure of a very large sum of money, scarcely permissible in view of the amount of the dividend likely to be recovered even in the event of the ultimate allowance of the claim in question." This is the ground upon which the plaintiff relies to show that an appeal would not be a plain, speedy and adequate remedy. We are not aware of any case wherein it has been held that an appeal is not a plain, speedy and adequate remedy because the appeal would cost a large sum of money. This is no reason why a writ of review should be issued. If this court should issue the writ in this case and require the defendant to certify to this court the record, the same expense, almost, which would be incurred by the appellant upon appeal will be shifted to the defendant upon the return to the writ. This reason is no reason at all for not taking the appeal. If an appeal would lie from said order, it was the plaintiff's duty to pursue that remedy. Exces-

sive costs to be incurred on appeal is not a reason why the judgment should be reviewed by a writ of *certiorari*. The aggrieved party must be relegated to the remedy pointed out by the statute. If the appellant desired to have the order reviewed in the method pointed out by law, he could have secured a stay of execution of said judgment as provided by law. The stay being provided by the statute and the question of expense being the only reason why the legal remedy was not pursued, is not sufficient to authorize this court in setting aside the method provided by statute for reviewing the judgment, and establishing a new and different method.

The judgment, therefore, sought to be reviewed by writ of *certiorari* being an appealable judgment, it would be wholly unprofitable, and the court would not be authorized to consider the question as to the jurisdiction of the defendant to enter the judgment complained of.

The motion to quash the writ will be sustained. Costs awarded to the defendant.

Ailshie, C. J., and Sullivan, J., concur.