(*June 16, 1909.*)

UTAH ASSOCIATION OF CREDIT MEN, a Corporation, Plaintiff, v. ALFRED BUDGE, Judge, Defendant.

[102 Pac. 691.]

JURISDICTION TO APPOINT RECEIVER—WRIT OF REVIEW—APPEALABLE ORDERS AND DECISIONS.

1. An order made by a district court within the jurisdiction of such court and after having acquired jurisdiction of the person and subject matter, however erroneous it may have been, is not an excess of jurisdiction that can be corrected by writ of review.

2. Under the provisions of sec. 4329, Rev. Codes, the district court has jurisdiction and authority to appoint a receiver in an action by a creditor to subject any property or fund to his claim or in an action by any party whose right to or interest in a specific property or fund, or the proceeds thereof, is provable, and where it is shown that the property or fund is in danger of being lost, dissipated, removed, or materially injured.

3. The authority and jurisdiction to appoint a receiver conferred by sec. 4329, Rev. Codes, confers authority on the district court to

appoint a receiver to receive and take charge of notes, accounts, certificates of the capital stock of corporations and choses in action, and other personal property, where the necessity and occasion for such appointment is shown.

4. Under the facts of this case as shown by the petition, the court had jurisdiction to make the order complained of, and whatever error may have been committed by the court in making such order is not such an error as can be corrected on writ of review.

5. Under the provisions of sec. 9, art. 5, of the state constitution, the supreme court has jurisdiction to review upon appeal any decision of the district court or the judges thereof, but this provision of the constitution does not make every order or decision that a district court or judge thereof may make directly appealable. By this it is intended that when an appeal is taken from an appealable order or judgment to the supreme court, that the latter court shall have the jurisdiction and authority to review any and all orders and decisions made by the trial court, to which the party has duly excepted and preserved his exception and objection in the manner and form provided by law; and it is this jurisdiction and authority that the legislature has no power to abridge or interfere with. The legislature does, however, have the power and authority, as conferred by sec. 13, art. 5, of the constitution, to provide a proper system of appeals, and to specify such orders and decisions as shall be directly appealable to the supreme court.

(Syllabus by the court.)

Original action praying for a writ of review to review the action of the Hon. Alfred Budge, Judge of the fifth judicial district, in appointing a receiver. Writ *quashed* and action *dismissed*. Costs awarded to the defendant.

Gray & Boyd, for Plaintiff.

The question of jurisdiction is determined from a consideration of both the pleadings and the evidence. (*Sweeny v. Mayhew,* 6 Ida. 455, 56 Pac. 85; *Kelly v. Steele,* 9 Ida. 141, 72 Pac. 887.) If the pleading (the cross-complaint here of the bank) was not sufficient to authorize the appointment of a receiver, and if the evidence at the hearing did not contain sufficient additional facts to authorize it, the court was without jurisdiction. (*Kelly v. Steele, supra.*)

Under no possible construction of sec. 4188, Rev. Codes, can this alleged cross-complaint, or the relief prayed, or the

relief granted by the court by appointing a receiver, be found to "affect the property to which the action relates." It is in no sense a counterclaim. It is a cross-complaint under sec. 4188 or nothing. This court has held that, under that section, a cross-complaint is not as broad as a counterclaim. (*Hunter v. Porter*, 10 Ida. 70, at pp. 83-85, 77 Pac. 434.) In that case the court clearly recognizes our position that a cross-complaint may not be a proper cross-complaint, though it might be good for an independent action. If it is not a proper one under the statute, the court acquires no jurisdiction under it.

We have no appeal from the order under the statute. This court has held in *Sweeny v. Mayhew, Judge*, 6 Ida. 455, 56 Pac. 85, that *certiorari* is the proper remedy to determine whether the lower court had jurisdiction in the case to appoint a receiver. And we have no plain, speedy or adequate remedy at law. Not being one of the orders from which an appeal may be taken, or which can be reached on appeal from final judgment, we have no plain, speedy or adequate remedy other than by this writ. Even if the right of appeal exist, as it does not here, yet if such an appeal do not afford adequate relief, the writ may yet lie. (*State v. Rose*, 4 N. D. 319, 58 N. W. 519, 26 L. R. A. 593; *Ducheneau v. House*, 4 Utah, 367, 10 Pac. 427.)

Standrod & Terrell, for Defendant.

There can be no question about the power of the district court to appoint a receiver. (Sec. 4229, Rev. Codes.) This being the case, whatever error it might have committed in its order appointing a receiver would be only an error and not an excess of its jurisdiction. (*People v. Lindsay*, 1 Ida. 394.) The court having jurisdiction of both the subject matter and person of the defendants has the right and authority to hear and determine all questions that occur in the case, and are essential to a decision of the merits of the issues. (*Taylor v. Hulett*, 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535; *Richardson v. Ruddy*, 15 Ida. 488, 98 Pac. 842.)

A writ of review does not lie where there is a remedy by appeal. (*People v. Lindsay,* 1 Ida. 394; *Rogers v. Hayes,* 3 Ida. 597, 32 Pac. 259; *Chemung Min. Co. v. Hanley,* 11 Ida. 302, 81 Pac. 619; *Dahlstrom v. Portland Min. Co.,* 12 Ida. 87, 85 Pac. 916; *Bank of Commerce v. Wood,* 13 Ida. 794, 93 Pac. 257.)

AILSHIE, J.—This action was commenced in this court by the plaintiff, Utah Association of Credit Men, praying for the issuance of a writ of review to the Hon. Alfred Budge, judge of the fifth judicial district. The writ was issued as prayed for and return has been made, and the case has been argued and submitted on demurrer to the petition and motion to quash the writ.

It appears both from the petition and the return to the writ that in September, 1908, the First National Bank of Pocatello commenced an action in the district court, in and for Bannock county, against Nathan Barlow et al. on a promissory note executed by the defendants Barlow et al., and in that action sought to foreclose a pledge of certain notes, certificates of stock and choses in action which had been previously pledged to the bank to secure the payment of the note.

Subsequent to the commencement of the action the plaintiff herein, the Utah Association of Credit Men, obtained leave of the court to file a complaint in intervention, and accordingly filed their complaint, alleging that certain of the notes on which the First National Bank sought to foreclose its lien were the personal property of the plaintiff in intervention, and prayed that those notes be declared to be its property free and exempt from the alleged pledge lien. The bank thereafter answered the complaint in intervention denying the material allegations thereof, and at the same time filed a cross-complaint against the Utah Association of Credit Men. By its cross-complaint it alleged that the Industrial Savings Association was indebted to the First National Bank, and that the Utah Association of Credit Men was in possession of a large number of notes and choses in action, and other personal and real property as the trustee and assignee of the owner, the Industrial Savings Association, and that it

was mismanaging and wasting the property and incurring un-necessary expense in connection therewith, and that unless a receiver was appointed to take charge of the property in its hands, it would be squandered and dissipated to the injury and damage of the creditors of the Industrial Savings Asso-ciation of which the First National Bank was principal cred-itor. It accordingly prayed that a receiver be appointed to take charge of this property, which application was granted by the court. Upon the entry of the order the Utah Associa-tion of Credit Men applied to this court for a writ of review.

It is contended by the plaintiff here that since the property mentioned and described in the cross-complaint filed by the First National Bank is not the property involved in the orig-inal action and is no part thereof, it was therefore beyond the jurisdiction of the trial court to entertain a cross-com-plaint involving such property and to appoint a receiver to take charge of such property. It is argued by counsel for plaintiff that under the provisions of sec. 4188, Rev. Codes, as construed by this court in *Hunter v. Porter,* 10 Ida. 72, 77 Pac. 434, a cross-complaint could not be filed against a plain-tiff in intervention involving any property not included in and covered by the complaint in the original action, in which the intervention was allowed.

The defendant, on the other hand, contends that although the action of the court in permitting such a cross-complaint and appointing a receiver to take charge of property not mentioned or involved in the original complaint may have been error, still it was an error within the jurisdiction of the trial court, and was committed by the court as such while exercising a lawful and rightfully acquired jurisdiction over both the person and the subject matter.

For the consideration of the present question, we may ad-mit that the action of the trial court was erroneous, and upon that assumption consider the further question as to whether the action was in excess of and beyond the jurisdiction of the district court. In the first place, we should bear in mind that under the provisions of sec. 4962, Rev. Codes, "A writ of review may be granted by any court except a probate or jus-tice's court, when an inferior tribunal, board or officer exer-

cising judicial functions has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.'' Under the provisions of the foregoing statute it is clear, and has been so held by this court, that if the order made by the trial court was within its jurisdiction, however erroneous it may have been, it cannot be reached by writ of review; or if an appeal lies from that order to this court, then the writ of review should not issue.  (*People v. Lindsay*, 1 Ida. 394; *Rogers v. Hays*, 3 Ida. 597, 32 Pac. 259; *Chemung Min. Co. v. Hanley*, 11 Ida. 302, 81 Pac. 619; *Dahlstrom v. Portland Min. Co.*, 12 Ida. 87, 85 Pac. 916; *Canadian Bank of Commerce v. Wood*, 13 Ida. 794, 93 Pac. 257.)

The first thing, therefore, that we will consider in this case is whether or not the court was acting within its jurisdiction, and if it was so acting this remedy is not open to the plaintiff.   If the court had jurisdiction of the person and the subject matter, then it is clear that whatever mistake has been made has been only an error committed on the part of the trial court in exercising his judgment and applying the law to the case, rather than an excess of jurisdiction in acting in a matter wherein he had not acquired jurisdiction to act or wherein his court has no jurisdiction of the subject in litigation.   As for the question of jurisdiction of the person of the Utah Association of Credit Men there is no question, because that company had appeared personally, and of its own accord had requested to be entered in the case as an intervenor.

The only further question, therefore, to consider is whether or not the court had jurisdiction of the subject matter.   There can be no doubt but that a district court has jurisdiction to appoint a receiver to take charge of property such as that involved in this case.   Sec. 4329, Rev. Codes, provides *inter alia* as follows: ''A receiver may be appointed by the court in which an action is pending . . . . in an action . . . . by a creditor to subject any property or fund to his claim, . . . . or of any party whose right to, or interest in, the property or fund, or the proceeds thereof, is provable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured. . . . . ''

That the district court had jurisdiction to appoint a receiver to take charge of property of the kind and character described in the cross-complaint by the First National Bank, there can be no doubt. The property was within the jurisdiction of the court. The persons were within the jurisdiction of the court, and had subjected themselves to its orders and process. Whether or not this was a proper case in which to appoint a receiver was the question being presented to the court, and that was finally submitted for the court's determination and decision. The court had the jurisdiction, power and authority to hear and determine that question. It accordingly did so. If the court committed an error in deciding the question thus presented, we answer that the court had jurisdiction to commit the error. The judgment of the court was properly set in action concerning a subject matter over which it had jurisdiction. If it committed an error, it is subject to correction in the manner pointed out by statute. We conclude, therefore, that whatever mistake, if any, the court may have committed in appointing a receiver in this case, it was only an error, and was not an excess of jurisdiction within the purview of the statute.

The order complained of having been within the jurisdiction of the court, it is immaterial whether it is or is not an appealable order. Some misapprehension seems to have arisen in the minds of members of the bar over a remark made in *Chemung Min. Co. v. Hanley,* wherein this court said: "Under the provisions of sec. 9, art. 5 of our state constitution, this court has jurisdiction to review upon appeal any decision of the district court or the judges thereof. An order granting or refusing a motion for the appointment of a receiver is a decision, and such decision is appealable." That holding seems to have been construed by some to mean that an appeal may be taken directly from any order or decision that a district court can make. This is entirely erroneous. The constitution does not so provide. It authorizes and empowers this court to review upon appeal any decision that a district court may make, but it does not give a direct appeal from every order and decision a trial court makes. If that view prevailed, there would be no such thing as reaching

a final judgment in a trial court in a contested case in any reasonable length of time. If cases were to be tied up from time to time until an appeal could be taken from every order and decision made by the court in the course of a trial, there would be no end to a case. The constitution does not mean any such thing. It does mean, however, that when an appeal is taken from an appealable order or judgment, that this court has the jurisdiction and authority to review any and all orders and decisions made by the trial court to which the party has duly excepted and preserved his objection and exception in the manner and form provided by law.

The legislature, on the other hand, has the power and authority to say what orders and decisions are directly appealable and provide the method and manner of prosecuting appeals. Sec. 13, art. 5 of the constitution, says: "The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the supreme court, so far as the same may be done without conflict with this constitution."

It follows from what has just been said that this is not a proper case for the issuance of a writ of review. The writ should be quashed, and it is so ordered, and the action is *dismissed*, with costs in favor of the *defendant*.

Sullivan, C. J., and Stewart, J., concur.

### ON PETITION FOR REHEARING.

#### (July 6, 1909.)

PER CURIAM.—A petition for rehearing has been filed in this case, and although the rule does not authorize the consideration of petitions for rehearing in original proceedings in this court, we have directed that the petition be filed and have examined and considered the same.

Counsel for plaintiff presents a number of arguments against the soundness of the opinion of the court. An examination of the petition and of the arguments accompanying the same fails to convince us that any error or mistake has been made. The chief reason urged, and that around which all the other arguments revolve, is that the Industrial Savings Association has not had its day in court, and to hold that the trial court had jurisdiction when it appointed a receiver in this case amounts to taking the Industrial Association's property without due process of law. The weakness and fallacy of this argument lies in the fact that the Industrial Savings Association is making no contention in this court and is making no complaint against the action of the trial court. The plaintiff, the Utah Association of Credit Men, is in no way injured or prejudiced by reason of the fact that the Industrial Savings Association has not had its day in court, nor is it of any consequence to the plaintiff even if the Industrial Savings Association's property be taken without due process of law. If these contentions were true and conceded, they would not amount to a lack or failure to acquire jurisdiction over the plaintiff and of the plaintiff's interest in the property for which a receiver was appointed. No attempt was made in the lower court to proceed against the Industrial Savings Association in the particular action in which the receiver was appointed; but it was shown that the First National Bank had claims against the Industrial Savings Association, and was prosecuting them to judgment. The bank does not pretend to have any claim or demand against the plaintiff, consequently could not reduce any such claim or demand to judgment. It is endeavoring, however, to reach out and lay hold upon the property of its debtor, and it claims that the property plaintiff holds as assignee is subject to the payment of these debts and is being wasted and squandered.

We do not undertake to say in this case whether an error has or has not been committed in the rulings of the court in the course of the proceedings; but we do hold that the court had acquired jurisdiction, and when we say jurisdic-

tion, we mean jurisdiction of the parties who were before the court and of the subject matter. The plaintiff in this case was before the court.

The petition is denied.