Argued September 14, decided September 26, 1911.

## FOSTER v. MYERS.
### In re HOAG.

[117 Pac. 806.]

INFANTS—CUSTODY—PROCEEDINGS—APPEAL.

1. Laws 1907, p. 39, §§ 1-18 (Sections 4406-4424, L. O. L., inclusive), creating juvenile courts and prescribing the practice therein, is complete in itself so far as it relates to appeals, and does not allow an appeal from an order of the county court denying an application for custody of an abandoned child by its mother after custody had been given to another.

INFANTS—CUSTODY—RIGHTS OF MOTHER.

2. A mother of a child who defaulted in proceedings to declare it an abandoned child, and have it committed to the custody of another, ceased to have any rights to its custody greater than any other person who might afterwards apply therefor.

From Clackamas:  JAMES U. CAMPBELL, Judge.

Statement by MR. JUSTICE McBRIDE.

In the matter of the petition of Anna Foster for the custody of Loreta Hoag, committed to the custody of Hattie Myers. Loreta Hoag, having been abandoned by appellant, her mother, who was unable to care for her, was, upon the petition of respondent, duly adjudged by the county court of Clackamas County sitting as judge of the juvenile court, to be an abandoned child, and was committed to the custody of the respondent. Subsequently appellant, having remarried, applied to the judge

of the county court to have the custody of the child given to her, which application was denied. She appealed from this order to the circuit court, where a motion was made to dismiss her appeal, for the reason that no such remedy is provided in the statute from the decision of the juvenile court. From a judgment dismissing the appeal, she again appeals.                              AFFIRMED.

For appellant there was a brief over the names of *Mr. William M. LaForce* and *Mr. John H. Stevenson*, with an oral argument by *Mr. LaForce*.

For respondent there was a brief and an oral argument by *Mr. Joseph E. Hedges*.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. In our opinion chapter 34 of the Laws of 1907 (Sections 4406-4424, L. O. L. inclusive), providing for the creation of juvenile courts and prescribing the practice therein, is, in so far as it relates to those subjects, complete in itself, and the general statutes relating to appeals from the county courts have no application. Section 18 declares that "this act shall be liberally construed to the end that its purpose may be carried out; to wit, that the care, custody and discipline of a child shall approximate, as near as may be, that which should be given by its parents." This purpose would be to a great extent frustrated if the orders of the court in relation to such care and custody could be interfered with, and delayed by appeals by persons claiming to be interested. No right of appeal having been provided by the act none exists as to this proceeding.

2. Appellant, having defaulted in the original proceedings taken to declare the child dependent and abandoned, ceased to have any right to its custody, and thereafter her legal rights in regard to it were no greater than those of any other person who might ask the court for leave to take the child and care for it.

The judgment of the circuit court is affirmed.

                                        AFFIRMED.