[Civil No. 1796.  Filed November 3, 1920.]

[193 Pac. 17.]

In the Matter of VIOLET MENDEVIL. M. SIBERT and MARY SIBERT, Appellants, v. FRANK RAMSEY and MRS. FRANK RAMSEY, Appellees.

1. INFANTS—ORDER OF JUVENILE COURT FIXING CUSTODY OF MINOR FINAL.—If the juvenile court had jurisdiction to make an order placing a minor in the care and custody of defendants, the order then made was final as to all parties to the proceeding.

2. INFANTS—GRANDPARENT HELD TO HAVE LOST RIGHT TO OBJECT THAT CUSTODY WAS FIXED WITHOUT. HIS CONSENT.—Where the grandfather delivered a minor to the court as a destitute, homeless and abandoned child, dependent on the public for support and without parental care, and without disclosing their relation and that its grandmother was living, and child was left in a children's home for six weeks, and on his showing no further interest, she was placed with others, he practically abandoned the child, and ceased to have any right to her custody, and may not object that such custody was fixed without his consent.

3. INFANTS—ORDER PLACING CUSTODY OF DEPENDENT CHILD ENDS COURT'S JURISDICTION.—In view of Civil Code of 1913, paragraph 3564, empowering the judge to make all necessary orders compelling production of dependent child, paragraph 3565, permitting the court to make allowance pending such order, and paragraph 3566, providing for hearing of petition and making orders for commitment of custody and care, paragraph 3567, providing that when such a child is awarded it becomes a ward of the party to whom given, who is empowered to place it in a family home or consent to its adoption, such guardianship terminates the court's guardianship and jurisdiction.

4. INFANTS—NOT NECESSARY THAT GRANDPARENTS, SURRENDERING CHILD, SHOULD APPEAR.—Grandparents are not of those named in a statute whose attendance is required in disposing of the care and custody of a dependent child, and, where they were not at the time of the hearing in custody or control of such child, but had surrendered her into court without disclosing their relationship, it was not necessary that they be required to appear.

5. INFANTS—PARTY FAILING TO APPEAL FROM FINAL JUDGMENT AWARDING CUSTODY HAS REMEDY BY CERTIORARI OR HABEAS CORPUS.—One aggrieved at a final judgment or order disposing of the care and custody of a dependent child should appeal, and, failing to do so within the time fixed by law, may attack such order only by extraordinary remedies, such as *certiorari* or *habeas corpus*.

APPEAL from a judgment of the Superior Court of the County of Maricopa. O. J. Baughn, Judge. Affirmed.

Mr. Thomas J. Croaff, for Appellants.

Mr. G. W. Silverthorn, for Appellees.

ROSS, J.—April 12, 1919, appellants, M. Sibert and Mary Sibert, filed their petition in the superior court

of Maricopa county, invoking its juvenile court jurisdiction to order the appellees to turn over to them, for their care and guardianship, the possession of Violet Mendevil, alleging as grounds therefor that they were the grandparents of the said Violet Mendevil, who was about four years old; that her mother, who was their daughter, shortly after Violet's birth, made arrangement with them to take and raise her as a member of their family and household, and, in pursuance to such arrangement, that they had given her such consideration, sustenance, care, love and affection as their position in life made it possible from shortly after her birth until about June 1, 1917; that on the last-mentioned date appellant, Mary Sibert, became confined to her bed by a serious illness of such a nature as to incapacitate her to care for Violet and to render her recovery doubtful, and by reason thereof appellant, M. Sibert, delivered said child into the possession and care of the court until such time as the grandmother (Mary Sibert) should recover, or, should she die, the court, with his aid, was to seek for said Violet Mendevil a suitable home; that later, without the consent of appellants, she was placed by the court in the care and custody of appellees. The recovery of the grandmother is alleged, as also requests upon the court and appellees for the return of Violet to them; it is also alleged that the mother and grandparents are religious believers in the Catholic faith, and that Violet was christened and baptized in such faith; that appellees are not of the Catholic faith; that appellants are well qualified and able to care for said Violet as prudent parents.

November 6, 1919, a hearing was had upon said petition, at which appellants and appellees were personally present and represented by counsel. From the evidence introduced, it appears that appellant, M. Sibert, on June 6, 1917, filed in the superior court of Maricopa county his verified petition, charging that

Violet Mendevil was a dependent and neglected child two and one-half years old, and needed the care and protection of the court; that her mother had deserted her having gone to the state of New York, and that the whereabouts of her father were unknown. The child was thereupon, by direction of the superior court, acting as a juvenile court, temporarily turned over to the Florence Crittenden Home of Phoenix, an institution devoted to the caring for dependent and neglected children.

July 17, 1917, "after full hearing and due deliberation," the juvenile court found Violet Mendevil to be a neglected and dependent child, and that her own good and the best interests of the state require that she be committed to the care and custody of Mr. and Mrs. Frank Ramsey, the appellees, and entered a decree that she be so committed "until otherwise ordered, and that said Mr. and Mrs. Ramsey are willing to take said child and abide by such orders as this court may see fit to make in the premises."

Evidence was also heard tending to prove the allegations of the petition. The court entered an order dismissing the petition, and the petitioners prosecute this appeal.

The grounds upon which the court dismissed the petition are not stated, and we do not know whether he based his ruling upon the merits, or upon a want of jurisdiction to pass upon the question as presented, but, whichever it was, we are satisfied the judgment was correct and should be affirmed.

If the juvenile court had jurisdiction to make the order of July 17, 1917, placing Violet Mendevil in the care and custody of the appellees, the order then made was final as to all parties to that proceeding. There is no suggestion, in the petition or otherwise, of a lack of jurisdiction to make such order, unless it be found in the allegation that the order was made without the appellants' consent. Appellant, M. Sibert,

started in motion the machinery that ultimately determined that Violet Mendevil was destitute, homeless, abandoned and dependent upon the public for support, and was without proper parental care. It was he who filed his verified petition to that effect, and the record shows he did it with the knowledge and consent of the other appellant. He left the child with the court without informing the court or its officers, that he was her grandfather or that she had a grandmother living.

The court left the child six weeks in the Crittenden Home, and, no further interest being shown by appellants, she was placed with appellees. After instituting the proceeding, they apparently abandoned it, and, doing so, ceased to have any right to the child's custody. *Foster* v. *Myers,* 59 Or. 549, 117 Pac. 806.

When the petition was filed, under the statute (paragraph 3564), it was "within the power of the judge holding said court . . . .to make all necessary orders for compelling the production of such child and the attendance of the parents and all persons having custody and control of the child, or with whom the child may be; and pending the final disposition of the case, the child shall be subject to the order of the court . . . "

Paragraph 3565, Civil Code, provides that the court may make allowances for the child's maintenance, payable by the county "pending final order in such case."

The statute (paragraph 3566) provides for a regular hearing upon the petition by the judge in his chambers without a jury, in which the court is empowered to inquire into the facts, and "make such order for the commitment and custody and care of the child, as the child's own good and the best interests of the state may require; and [it is provided] may commit such child to the care of its parents, subject to the supervision of the probation officer, or to some suitable institution, or to the care of some association willing

to receive it, or the care of some reputable citizen of good moral character, or to the care of some training school, or to the state industrial school. . . . ''

According to paragraph 3567, Civil Code, when a dependent child is awarded by the court to the care of any association or individual, unless otherwise provided in the order, it becomes the ward of such association or individual, and is subject to the guardianship thereof. Such guardian is empowered to place the child in a family home, or may consent to its adoption. In other words, such guardianship terminates the guardianship of the court, and thereafter the court is without power over the child in that proceeding. The order of July 17, 1917, did not undertake to limit the powers of guardianship, as the law permits, but did undertake to retain jurisdiction to make further orders as to the disposition of the child which the law does not permit. Having made the order placing the child with appellees, the proceeding was at an end.

The order placing Violet Mendevil in the care and custody of the appellees was, we think, a ''final disposition of the case,'' and was a ''final order in such case.'' The child was no longer ''destitute, homeless, abandoned or dependent upon the public for support.'' By the order it was given proper parental care and guardianship. Such order or judgment is not subject to collateral attack, unless the record affirmatively shows that the court was without jurisdiction in entering it. The record in this case does not disclose any such infirmity.

Although it is not alleged in the petition, it appears that appellants were not present at the time said order was entered, but they are not of those named in the statute whose attendance shall be required, as at the time of the hearing they did not have the child in their custody or control, having theretofore surrendered her to the court without disclosing their relationship to the child. At the time of the hearing on the

petition filed by appellants, the status of the child had been changed from that of a dependent and neglected child to one in the possession of a home and parental love and guardianship, in a proceeding in court regularly had and authorized by statute. The judgment effecting this change had been entered almost two years before the application by appellants for a change or modification thereof.

The scheme provided by the statute to one feeling himself aggrieved at a final judgment or final order is that he shall appeal and, in that manner, directly present the questions he wishes reviewed. Failing to do that within the time fixed by the law, the only manner of attacking such orders or judgments that we are familiar with is by extraordinary remedy, such as *certiorari* or writ of *habeas corpus*. As to finality and conclusiveness of a judgment of juvenile courts, we cite *Board of Control* v. *Mulertz,* 60 Colo. 468, 154 Pac. 742; *Board Children's Guardians* v. *Juvenile Court,* 43 App. D. C. 599, Ann. Cas. 1916E, 1019.

The judgment is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.