Argued January 22; affirmed February 18, 1936.

In re Baker et al.

BAKER *v.* NIELSEN et al.

(54 P. (2d) 309)

*Lida M. O'Bryon,* of Portland, for appellant.

*Olive Zimmerman,* Deputy District Attorney, of Portland (James R. Bain, District Attorney, of Portland, on the brief), for respondent.

KELLY, J. On October 11, 1935, Mrs. Martin Nielsen signed and verified a petition, which was addressed to the trial court and contains the following allegations:

"That there is now residing within the county of Multnomah, State of Oregon, the following named minors: Colleen, Elmer and Eileen Baker.

"That said minor.... is under the age of eighteen years, to-wit: of the age of 11-8-5 years, respectively.

"That said minors come within the provisions of Sections 4406 to 4426 of Lord's Oregon Laws and as subsequently amended:

"That Petitioner is informed and believes and therefore on information and belief alleges: that the above children are without proper parental care, all of which tends to make the said Colleen, Elmer and Eileen Baker dependent minors.

"That said minor ........................................... now in the custody and control of .........................................

"That the father of said minor................. is Elmer Baker, who resides at 26 N Fargo..........., and the mother of said minor............. is Lottie Baker, who resides at 660 Ainsworth............."

On the 5th day of July, 1934, an order was made declaring said minors dependent children and wards of the court "so to remain until they arrive at legal age, unless sooner released by due process of law;"

On the said 5th day of July, 1934, an additional order was made, wherein, among other things, said minors were committed and surrendered to the Boys' and Girls' Aid Society of Oregon.

On the 1st day of December, 1934, the trial court overruled appellant's motion to set aside the orders

last named, but changed and modified said order of commitment from a permanent commitment order to a temporary order.

██ From affidavits, in support of appellant's said motion, it appears that on June 13, 1933, the mother of said children left home taking the children; that on June 15, 1933, the mother instituted a suit for divorce; that the mother was given temporary custody of said children; that on July 21, 1933, the court placed said children in the custody of the petitioner herein; that at the time of filing the petition in this cause, said children were in the custody of said petitioner; and that between the dates of July 6, 1933, and October 25, 1933, appellant paid $235, to the said court for the support of his children. From many affidavits made by prominent citizens, it also appears that appellant is a man of good moral character. While these affidavits are not contradicted by anything before us, we are unable to consider them as a basis for setting aside said orders of the trial court; because we have none of the testimony, and it must be presumed that the learned and experienced trial judge was governed by the entire record including the testimony as well as said affidavits.

The only question for determination is whether the petition is sufficient to support the orders of the trial court; and it is deemed sufficient by a majority of the members of the department hearing this case.

This leads to an affirmance of said orders of the trial court; but such affirmance is without prejudice to the right of the father of the children again to apply for a modification of the order of commitment aforesaid and for a restoration of their custody to him upon a proper showing that conditions have changed since the last hearing by the trial court, and that he is able and

qualified to give them proper maintenance, support, parental care and guardianship.

The procedure, last above suggested, may be deemed to be out of harmony with the final paragraph of *Foster v. Myers,* 59 Or. 549 (117 P. 806) ; but the statement there appearing was not necessary to the decision in that case and constitutes mere obiter dictum. To the extent that it is in conflict herewith, it is now disapproved and overruled.

It is further ordered that neither party recover costs or disbursements herein.

The orders from which this appeal is prosecuted are affirmed without costs to either party.

CAMPBELL, C. J., and BELT and ROSSMAN, JJ., concur.