554 P.2d 1293

Sybil Annette STUARD, Petitioner,

v.

The Honorable Robert R. BEAN, Judge of the Pinal County Superior Court, Division III, the Superior Court of Cochise County, and William and Karen (Ziglar) LINDO, husband and wife, real parties in interest, Respondents.

No. 2 CA–CIV 2297.

Court of Appeals of Arizona, Division 2.

Sept. 16, 1976.

Maud & Wildermuth by John R. Wildermuth, Coolidge, for petitioner.

Kenet E. Chareau, Sierra Vista, for respondents real parties in interest.

## OPINION

HATHAWAY, Judge.

Petitioner brings this special action, alleging that the refusal of the respondent court to decide a jurisdictional issue in a child custody case constitutes a failure to perform its duty as required by law. We find the use of special action proceedings particularly appropriate in this case since the welfare of children is involved and there is no remedy by appeal. We therefore assume jurisdiction and grant relief.

The pertinent facts are as follows. On February 8, 1975, James Ziglar delivered his two minor daughters into the custody of his mother, the petitioner, a resident of Mobile, Alabama. At the time, Ziglar and the children's mother, Karen Lindo, were having marital difficulties and petitioner was asked by Ziglar to take temporary custody of the children. On April 25, 1975, the circuit court in Mobile found that under the circumstances, petitioner was the proper person to retain custody. Shortly thereafter, Karen Lindo returned from Mobile to Arizona and on June 4, obtained a divorce in Cochise County. The dissolution decree provided that custody of the children was to be determined under the laws of Alabama since they were not present in Arizona at the time of the dissolution and the parties had previously invoked the jurisdiction of the Alabama court with respect to the custody issue.

On June 13, Karen Ziglar married William Lindo and on October 10, again appeared in court in Mobile in an attempt to gain custody of the two girls. At that time, custody was ordered to remain with petitioner pending an investigation and evaluation of the Lindo and Stuard households. On June 30, 1976, Karen Lindo again appeared in Mobile, this time for the purpose of trying the merits of the custody issue as provided in the court order of October 1975. A continuance was ordered, and the Lindos were allowed to exercise a weekend visitation. However, on July 2, the Lindos returned to Arizona with the children and attempted to gain custody by petitioning for a temporary custody order and modification of the decree of dissolution in Cochise County. Petitioner and her son came to Arizona with the April 25, 1975 Alabama order and a subsequent custody order dated July 6, 1976, took custody of the children in Pinal County where the Lindos reside, and returned to Alabama with the two girls. However, on July 23, four hooded persons jumped the 5-foot high

fence surrounding petitioner's home in Mobile, physically restrained petitioner, and abducted the two girls and returned them to Pinal County.

Petitioner and her son returned to Arizona and on August 3, petitioned for a writ of habeas corpus that is the subject of this action. On August 3, the writ of habeas corpus issued. It directed that the two girls be placed in the custody of Roy Nowlin, a justice of the peace, under the supervision of the juvenile authorities, pending a hearing on August 9. As a result of the hearing, an evidentiary hearing on the jurisdictional issue was scheduled for August 12. At that hearing, the court declined to act on the issue of whether Cochise County had jurisdiction to determine a change of custody and directed that the children remain in Pinal County under the supervision of the Pinal County juvenile authorities pending a determination in Cochise County of the jurisdictional issue. It is this refusal of the Pinal County Superior Court to decide the jurisdictional issue which prompts this special action.

■ The petitioner invokes this court's powers to effect a return of the minor children to her and to the State of Alabama which has the jurisdiction to hear the issue of custody of these children. The courts in Arizona have recognized that habeas corpus is the proper procedural device to afford the relief sought by petitioner. *Arizona State Department of Public Welfare v. Barlow*, 80 Ariz. 249, 296 P.2d 298 (1956); *Ex parte Winn*, 48 Ariz. 529, 63 P.2d 198 (1936); *In re Mendevil*, 21 Ariz. 586, 193 P. 17 (1920). Division One of this court held in *Application of Stone*, 14 Ariz.App. 109, 481 P.2d 280 (1971), that the superior court in the county where the children and parties were present had jurisdiction to return custody of the children to the party legally entitled to custody as a result of an order from another state, but does not have jurisdiction to undertake modification of that custody order. There is no question but that the court in Pinal County and not in Cochise

County is the proper court to hear the jurisdictional matter. In *Byers et al. v. Superior Court in and for Yavapai County et al.*, 61 Ariz. 284, 148 P.2d 999 (1944), the respondent in a habeas corpus proceeding sought a writ of prohibition to prevent the superior court where the parties were residing from taking jurisdiction of the habeas corpus proceeding. The respondent argued that Pima County where the divorce was granted retained jurisdiction and was the proper forum. In upholding the jurisdiction of the Yavapai County court, and quashing the writ of prohibition, the court in *Byers* stated:

" . . . The court having no jurisdiction in the divorce case to award the custody of the children, it stands that no order for their deposition has ever been made and such award was null and .void. The superior court of Pima County was without power or authority to make the order disposing of the custody of the children. The question of their disposition is yet to be determined by a court of competent jurisdiction. It seems to us that court is the superior court of Yavapai County where the petitioners (defendants in the habeas corpus proceedings) reside, and where the children whose custody is to be determined reside." 61 Ariz. at 286, 148 P.2d at 1000.

■ The respondent court, then, in declining to exercise jurisdiction failed to act as required by law. As to whether the Arizona courts have jurisdiction to decide permanent custody of the children, we can look to A.R.S. Sec. 25–331. Under that statute, it was improper for the real parties in interest to attempt to invoke the jurisdiction of the Arizona courts after having obtained custody of the children by abducting them from Alabama and returning them to this state. Arizona case law, embodied in *Application of Stone*, supra, states:

" . . . Except for the most compelling reasons the Arizona courts will not exercise jurisdiction to affect a custody

decree, rendered by a sister state having jurisdiction over the subject matter and parties thereto, *where the party petitioning our courts for relief, has wrongfully retained such custody in Arizona for the purpose of frustrating a sister state's lawful decree. Johnson v. Johnson, supra; Brown v. Brown, supra.* Such custody in Arizona, no matter how long continued, cannot confer upon our courts jurisdiction to become an accessory to such practices. Additionally, our Supreme Court has stated in vigorous language that the unlawful abduction of a minor child from the state of lawful custody to Arizona cannot work a change in the child's domicile so as to put the issue of the child's welfare resulting from such custody before our own courts." 14 Ariz.App. at 112, 481 P.2d at 283.

In *Johnson v. Johnson*, 105 Ariz. 233, 462 P.2d 782 (1969), cited in *Stone*, the court explained the reason for the no abduction rule:

" . . . The rule we have adopted will, as a whole, tend to discourage kidnapping, as well as contempt for the lawful decrees of a court of a sister state. An opposite rule, as contended for by defendant, would not only place the stamp of approval upon kidnapping and contempt, but would make this state a mecca for all persons seeking to evade the jurisdiction of the courts of the state of their original domicile. It would amount to a tacit admission, at least, that our own decrees in similar situations are of no effect beyond our boundary lines." 105 Ariz. at 241, 462 P.2d at 790, quoting . *Ex Parte Lorenz*, 194 Or. 355, 241 P.2d 142 (1952).

And in *Brown v. Brown*, 105 Ariz. 273, 463 P.2d 71 (1969), also cited in *Stone*, the court stated:

" . . . Therefore, under the rule of 'clean hands' a court of this state should not, even where its own order is involved, put its stamp of approval on a wrongful abduction from a sister state." 105 Ariz. at 276, 463 P.2d at 74.

Under Arizona case law, and the facts of the instant situation, this state does not have the jurisdiction to determine who shall have permanent custody of the two children. However, the Pinal County Superior Court should have exercised its jurisdiction and ordered the return of the children to petitioner in Alabama for the courts of that state to decide the question of permanent custody.

This opinion shall constitute a mandate that custody of the two children be restored to petitioner.

HOWARD, C. J., and KRUCKER, J., concur.