(October 30, 1926.)

W. A. MALLOY and MAE E. MALLOY, Husband and
Wife, and W. F. VINCENT and W. A. VINCENT,
Plaintiffs, v. J. S. KEEL and WILLIAM A. BAB-
COCK, Judge of the District Court of the Eleventh
Judicial District for Jerome County, Defendants.

[250 Pac. 389.]

MORTGAGES — FORECLOSURE PROCEEDINGS — APPLICATION FOR WRIT OF
REVIEW—WRIT OF REVIEW REFUSED WHERE APPEAL AVAILABLE.

1.  Under C. S., sec. 7243, writ of review does not lie from order
in foreclosure action joining tenants, appointing receiver, and
enjoining defendants from disposing of rent during redemption
period.

2.  When appeal may be taken, resort cannot be had to writ
of review.

APPLICATION for Writ of Review.  *Writ quashed.*

E. D. Reynolds, for Plaintiff, cites no authorities on point
decided.

James R. Bothwell, for Defendants.

"Power to issue the writ of *certiorari* is dependent upon
three circumstances which must co-ordinate, to wit: 1, that
an inferior tribunal, board or officer exercising judicial
functions, has exceeded the jurisdiction of such tribunal,
board or officer; and 2, there is no appeal, nor 3, in the
judgment of the court, any plain, speedy and adequate rem-
edy."  (*Neil v. Public Utilities Com.*, 32 Ida. 44, 178 Pac.

Publisher's Note.

2.  See 5 R. C. L. 255.

See Certiorari, 11 C. J., sec. 57, p. 113, n. 78.
Mortgages, 27 Cyc., p. 1674, n. 26.

271; C. S., sec. 7243; *People v. Lindsay,* 1 Ida. 394; *Bobbitt v. Blake,* 25 Ida. 53, 136 Pac. 211; *Dahlstrom v. Portland Min. Co.,* 12 Ida. 87, 85 Pac. 916; *Rogers v. Hays,* 3 Ida. 597, 32 Pac. 259; *State v. Goode,* 4 Ida. 730, 44 Pac. 640; *Orr v. State Board of Equalization,* 3 Ida. 190, 28 Pac. 416.)

Petitioners have not denied that a right of appeal exists from the order sought to be reviewed. That they have no practicable appeal is not enough. (*Canadian Bank of Commerce v. Wood,* 13 Ida. 794, 93 Pac. 257.)

T. BAILEY LEE, J.—This was an action in foreclosure. Decree was entered October 2, 1925, sale had on October 30th following and certificate issued to the plaintiff who had bid in the property for the face of the judgment together with accrued interest and costs. On May 28, 1926, a supplemental complaint was filed, alleging that the tenants in possession, lessees, of the mortgagors under a share rental agreement, intended to and would deliver the rent to their landlords instead of the plaintiff certificate holder. The then plaintiff, defendant here, prayed that the tenants be brought into the action as parties defendant; that a receiver be appointed to impound and pay over the rent in the absence of redemption, and that all defendants be enjoined from hypothecating or disposing thereof during the period of redemption.

[1] An order joining the tenants was made, and on August 7, 1926, the court made and entered a further order appointing a receiver, and granting an injunction. The defendants, plaintiffs here, have applied for a writ of review alleging that they "have no practicable appeal nor any plain, speedy or adequate remedy at law," and that unless the writ be granted they will be deprived "of any means of redress in the courts of this state." To this application there has been interposed a general demurrer. That the applicants have an appeal is admitted, and we think unquestionable.

But their argument is addressed to the proposition that such appeal would avail them nothing; and they advance the theory that, to bar the issuance of the writ, the appeal available must offer a speedy and adequate remedy.

[2]    This misconception prevails frequently, and is probably due to a confusion of C. S., sec. 7243, with C. S., secs. 7255 and 7268, which direct the issuance of writs of mandate and prohibition "in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." All reference to appeal is excluded from these two subsequent sections; and it is evident that the legislature purposely imposed the absence of remedy by appeal as a condition precedent to relief by *certiorari.* (C. S., sec. 7243.)

"It seems to be well settled that when an appeal may be taken, resort cannot be had to a writ of review." *Tucker v. Justice Court,* 120 Cal. 512, 52 Pac. 808; *Stoddard v. Superior Court,* 108 Cal. 303, 41 Pac. 278; *Southern Cal. R. R. Co. v. Superior Court,* 127 Cal. 417, 59 Pac. 789; *Stuttmeister v. Superior Court,* 71 Cal. 322, 12 Pac. 270; *State v. Justice Court,* 31 Mont. 258, 78 Pac. 498; *Orr v. Board of Equalization,* 3 Ida. 190, 28 Pac. 416; *Dahlstrom v. Portland Min. Co.,* 12 Ida. 87, 85 Pac. 916, saying: "If in the case at bar the petitioners had an appeal, the motion to quash the writ must be granted." This enunciation was cited and approved in *Canadian Bank of Commerce v. Wood,* 13 Ida. 794, 93 Pac. 257.

"That the appeal does not afford a plain, speedy and adequate remedy makes no difference. The provision of the statute governs." (*Stoddard v. Superior Court, supra; Southern California R. R. Co. v. Superior Court, supra.*)

"If there is either an appeal, or a plain, speedy and adequate remedy, *certiorari* does not lie. The remedy by appeal need not be speedy or adequate." (*State v. District Court,* 24 Mont. 494, 62 Pac. 820.)

It appearing that the orders complained of are both appealable, the demurrer to the application for the writ must be sustained and the writ quashed. Costs to defendants.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.