(No. 4898.  December 20, 1928.)

N. P. VOLLMER, Appellant, *v.* ESTHER A. VOLLMER, Respondent.

[273  Pac.  1.]

J. L. Phillips and O. C. Moore, for Appellant and Cross-respondent.

138

James F. Ailshie and James F. Ailshie, Jr., for Respondent.

TAYLOR, J.—Plaintiff brought this action for divorce on the ground of desertion, alleged to have occurred subsequent to May 18, 1921. Defendant answered, denying desertion and setting up as an affirmative defense that "by reason and on account of the condition of health of the plaintiff and his failure to provide for her or furnish her a home, she has lived separate and apart from him since in the autumn of 1921, and that her doing so was rendered necessary by reason of the plaintiff becoming ill some time about the month of September, and having to be taken to a sanitarium," alleging conditions thereafter existent, and "that during said time she has been advised and believes the fact

to be that plaintiff has been in such a state of health as to make it impracticable, unwise, unsafe, and impossible for plaintiff and defendant to live and reside together." Defendant further set up allegations of nonsupport, and allegations, based upon information and belief, that the plaintiff had the ability to provide for defendant and her minor child; that plaintiff had a large income; that his estate, property, and financial interests were held, retained, and concealed by his mother and sister and the First National Bank of Lewiston, and controlled and retained by them for the purpose of covering up and concealing the property and estate of the plaintiff from defendant; and that at all times the defendant had been and was well able to provide for defendant and her minor child. Defendant prayed for her "costs and expenses incurred in this action, including reasonable attorney's fees for the preparation and trial of the case and all services rendered therein, and for such costs and expenses as were necessarily incurred in investigating the case and taking deposition and procuring witnesses; and that she be awarded a regular monthly allowance to provide a home and maintenance and support for herself and her minor child; and defendant prays for general relief."

Defendant filed also a cross-complaint against the mother and sister of the plaintiff, and the First National Bank of Lewiston, setting up in effect the matters alleged in her affirmative defense, and prayed that they be brought in and required to answer, "and that a decree may be entered against them and each of them for the payment of such sum or sums as may be ordered and adjudged in favor of this defendant and cross-plaintiff for support and maintenance, and for the costs, expenses and disbursements entailed by plaintiff's complaint and this action."

On motion, the service upon the mother and sister was quashed. The plaintiff and the First National Bank answered the cross-complaint. At the close of the trial, a motion by defendant to amend her prayer to ask for divorce, was denied. Judgment was entered, denying either plaintiff

or defendant a divorce, dismissing the action against the First National Bank, and granting to the defendant a decree for separate maintenance, the details of which will be more fully hereafter discussed. Plaintiff has appealed from those portions of the judgment denying him a divorce, and granting relief by way of maintenance, attorney's fees, and costs to the defendant.

Appellant assigns thirty-three errors. Counsel for respondent has made a motion to strike some of these assignments as insufficient. Except as hereinafter specifically pointed out, we deem the assignments, as a whole, sufficient to present the main points of contention for decision.

In view of the conclusion reached, assignments of error Nos. 1 and 2 become immaterial.

Appellant's assignments of error Nos. 3, 6, 7 and 8 present the main questions upon the sufficiency of the evidence to support the findings negativing desertion and finding excuse and justification for the absence of defendant.

The plaintiff alleged a desertion. The defendant, admitting her absence, alleged an excuse and justification therefor. The court found that the absence of the defendant, and her refusal to live and cohabit with the plaintiff, were justifiable, and did not constitute desertion. These findings complained of are "to the effect that plaintiff's allegation of desertion by defendant is untrue; . . . . that during the time of plaintiff's illness, defendant, 'under instructions from plaintiff's mother, brother, and members of his family,' resided with her parents at Coeur d'Alene, Idaho," and "that by reason of advice of members of plaintiff's family and Dr. Price, defendant was led to believe and did believe that it was unsafe and unwise for her to live and cohabit with defendant, or bear children by him from and after the spring of 1921, down to the time of the trial," and "that it was unsafe and unwise for defendant to reside or cohabit with or have children by plaintiff at any time subsequently to the fall of 1920, up to the time of the trial of this cause."

The foregoing findings are alleged to be contrary to and unsupported by the evidence. It is contended that the evidence establishes, on the other hand, that members of plaintiff's family urgently requested defendant to return to plaintiff and to continue with her husband; "that defendant was not only frequently in the company of plaintiff subsequently to her return from California in the spring of 1921, but that she actually occupied the same bed with him; . . . . that her principal objection to marital relations was her disinclination to living in an apartment or in a residence of plaintiff's mother in Lewiston."

Counsel for appellant stress the fact that plaintiff wrote a letter to the defendant demanding that she return to and live with him, and that her failure and refusal so to do constituted a wilful desertion. This letter was written at a time, when, from all the evidence, the court found defendant was justified in believing that it was ill-advised and unsafe for her and the baby girl of the parties to live and cohabit with the plaintiff. It named no other condition. Argument that a husband may adopt any reasonable manner of living, and that the wife must conform thereto, is without weight or support in the light of the justification found for the refusal to conform.

Evidence that plaintiff's relatives had frequently urged defendant to return to and continue with the plaintiff as her husband, or that, when he came where she was, she was frequently in his company, or that, upon the stress of meager living accommodations, she occupied the same bed, does not refute the finding that it was unsafe and unwise for her to reside or cohabit with or have children by the defendant up to the time of the trial. Argument that "her principal objection to marital relations was her disinclination to living in an apartment or in a residence of plaintiff's mother in Lewiston," an objection theretofore made by her and acquiesced in by the plaintiff, with evidence of their cohabitation as late as March, 1921, cannot establish a desertion not charged to have begun or been initiated until

May 18, 1921, nor does the fact that prior thereto she gave such reason, overcome the findings as to her reason and justification in refusing to live with the plaintiff.

These references to evidence, alleged to support a contrary finding, serve but to elucidate the conflict in the evidence. We have thoroughly examined the evidence tending to support the findings of justification and excuse of the defendant, and find it substantial and sufficient to support the findings; and under the well-established rules applicable to such situation, they will not be disturbed.

Assignment No. 4, of error in a finding "to the effect that plaintiff suffered no mental pain or anguish on account of any desertion or other conduct on the part of defendant," is immaterial. The complaint cannot be construed as an action for divorce for extreme cruelty, and the case was not tried upon that theory, nor does the evidence support any such action, and the finding was immaterial.

Our conclusion as to the finding of excuse and justification, renders the matter of error, if any, complained of in assignments Nos. 5, 11, 12, 13, and 14, or the reasons given to support the assignments, immaterial and unnecessary for discussion or decision.

Assignment No. 9 is as to error in finding No. 5, "to the effect that plaintiff at no time since the marriage of the parties furnished or provided defendant with a home in which to live, except in the home of Mrs. John Vollmer, at Lewiston, Idaho, and for about three months in an apartment at Los Angeles, California, in that the said finding is not supported by, but is contrary to the evidence." To support the argument that this finding is contrary to the evidence, counsel cite by folios the record wherein evidence is found to the effect that plaintiff had rented an apartment, and as to a house supposedly erected for him by his mother. The apartment was rented at a time when the court found defendant justified in not living with the plaintiff, and the house being built was not completed until November, 1925, about a month before the trial; and

the slight, if any, inaccuracy in the portion of finding No. 5 complained of, is entirely immaterial, and is rendered nugatory when it is considered that court justified defendant's conduct during that time, and the evidence is void of any offer of a home except on condition that she live with plaintiff.

Error, if any, in the finding complained of in assignment No. 10, is not material, and the assignment without merit.

Assignments of error Nos. 15 and 16 are not material. The fact that plaintiff's sources of income were gifts and donations, does not dispute the finding that he had "sources of income," and a finding that the expense of carrying on and maintaining this action has been "borne by plaintiff," is supported by the evidence, even though the money was donated by relatives.

The finding complained of in assignment No. 17, is amply supported by the evidence.

Assignment No. 18. The finding of fact No. 8, "that the parties have common property consisting of a tract in the Lewiston Orchards in Nez Perce County, Idaho, and a tract of grazing land in Rosebud County, Montana," is not supported by the evidence, but is a finding entirely immaterial to the issues decided herein.

Assignment No. 19. The evidence is ample to support finding of fact No. 9, complained of, "to the effect that plaintiff is well able to furnish defendant and their minor child a home and support in a manner in keeping with his station and mode and manner of life," to the extent hereinafter determined, but not in the sum of $300 per month. The evidence establishes that the plaintiff is an able-bodied person of the age of forty-three years, a Harvard graduate; that he is competent to earn sufficient funds which, in addition to a considerable income, which it is reasonable to anticipate, as executor and trustee under his mother's will, will enable him to contribute $150 per month to his wife's support. Evidence of her previous method of living, and of voluntary allowance to her of

$300 per month, amply justifies a finding of necessity of the amount herein allowed.

This court has been apprised in the record of the death of the minor child of the parties. An order for maintenance is subject to revision, and until such revision the decree should be affirmed in an allowance of a maintenance to plaintiff's wife in the sum of $150 per month.

The foregoing renders it unnecessary to discuss assignment No. 20.

This court is also apprised by the record that the plaintiff has paid, during a considerable portion of the time since the judgment, the sum of $150 per month under an order of the trial court for allowance of that amount as maintenance pending appeal. (*Vollmer v. Vollmer*, 46 Ida. 97, 266 Pac. 677.) This latter statement is not made as constituting evidence of plaintiff's ability to pay, or supporting the finding, but for the purpose of elucidating the provision hereinafter made as to payment of the monthly allowance required by the judgment.

Assignment of error No. 21, in finding of fact No. 10, need not be discussed in view of the determination herein of the amount to be allowed defendant, except to say that an allowance for maintenance is dependent upon a continuation of the marriage relation, and that the provisions of the finding and judgment are a nullity which purport to fix an allowance to the wife to continue beyond a future possible termination of the marriage of the parties.

Assignment of error No. 22 is well founded for several reasons. There is no showing of the necessity or propriety of building for the defendant any such home, or proof as to the needs or kind of a house needed or to be built. Judgments must be definite and certain. (*Hand v. Twin Falls County*, 40 Ida. 638, 236 Pac. 536.) There is no definite purpose set, fixed, and required, to which the defendant must of necessity be confined in case of such payment. The evidence does not justify an allowance of $10,000 to the defendant, "to be used by defendant in providing a home for herself and minor child or in such man-

ner as she may deem to be to their best interest and welfare.'' There is nothing in the evidence to justify taking such lump sum of money from the plaintiff and delivering it over to the defendant. A husband has the management and control of the community property and of his separate property, and nothing in the law of this case or facts herein justifies the court in allowing to the wife sums for investment at her whim and fancy in a house, or for purposes ''that she may deem for their best interests and welfare.''

In support of assignment No. 23, of error in the finding and allowance of $5,000 as a reasonable attorney's fee, appellant assigns but two reasons: First, that the ''court is without jurisdiction to award said amount, or any amount as an attorney fee for past services''; second, ''that said amount is unreasonably large, the evidence showing that plaintiff is entirely without substantial property or income.'' This court has heretofore determined the jurisdiction of a trial court to allow attorney's fees in such case at the close of the trial of a divorce action. (*Taylor v. Taylor*, 33 Ida. 445, 196 Pac. 211.) The fact that defendant was unsuccessful in a prayer to amend her complaint to ask for divorce, or that she secured only separate maintenance, does not detract from the jurisdiction of the court to allow counsel fees which it might have allowed had the plaintiff been successful in his divorce action. The fact that plaintiff did not succeed in the divorce action, does not deprive the court of jurisdiction to allow the defendant attorney's fees.

The following is the writer's opinion and conclusion upon the second assignment of error in the allowance of the $5,000. The reason assigned, ''that said amount is unreasonably large, the evidence showing that plaintiff is entirely without substantial property or income,'' is not a valid reason for its disallowance. This is neither an assignment of insufficiency of the evidence to sustain the finding of the value of the services as gauged by proper measures of value, nor sufficient to present or raise the insufficiency of the evidence to support the finding. The fact that plaintiff may not be able to pay the attorney's fee, is no excuse

or defense against a judgment for the value thereof. Plaintiff has apparently, whether from his own income or from donations of relatives, been able to conduct his side of the case, and has caused the expenditure of effort and services on behalf of defendant, the value of which is not disputed.

While, in an action for divorce, the ability of a plaintiff husband to pay attorney's fees to permit his wife to defend the action, may be a consideration in the requirement of payment of attorney's fees during the action as a condition of his right to continue to maintain it, the ultimate judgment as to the value of attorney's fees earned, cannot depend upon the ability of the plaintiff husband to discharge the judgment. The reasonableness of such attorney's fee is not dependent upon the possession by plaintiff of property or income. This assignment is without merit, based on the only reason assigned.

However, it is the opinion and decision of the concurring majority of the court that the specification is sufficient to present the question, and that, with allowances theretofore made, the allowance is excessive, and should be reduced.

Assignment No. 24. The holding in *Taylor v. Taylor, supra,* that the court has jurisdiction to make an award of costs incurred in an action such as this, upon final determination, disposes of the error assigned in finding No. 11, allowing the defendant $305 for such purposes.

Assignment No. 33. Under points and authorities No. 5, the appellant cites authorities to the effect that separate maintenance cannot be awarded in the absence of conditions authorizing a divorce, and that the court therefore erred in awarding separate maintenance. This point is nowhere made in the assignments of error, unless it be in the assignments going to the jurisdiction of the court to allow attorney's fees and costs, or the general assignment of error in the judgment in allowing separate maintenance. This court has determined that "courts of equity have inherent jurisdiction to award separate maintenance for the support of the wife and minor children independent of any action for divorce and independent of any statutory provision."

(*Simonton v. Simonton,* 33 Ida. 255, 262, 193 Pac. 386, 388.)

We have examined all the other assignments of error, and deem them disposed of by what is here decided.

We have reached the conclusion that the evidence is sufficient to support the material findings as herein modified; that the findings be modified as hereinbefore set forth; that the judgment be modified by striking therefrom the provision requiring the plaintiff to pay $10,000, to ''be used by defendant in acquiring a home,'' or for any other purpose, and that the item of $15,000 be accordingly reduced to $2,000 for attorney's fees; that the allowance to defendant of $300 per month be reduced to $150 per month; that the judgment be deemed satisfied, as to the monthly allowance of $150 therein decreed, in an amount equal to the amount of any payments made by plaintiff under the order for maintenance pending appeal; that the provision that such payment of monthly alimony shall be required after any possible dissolution of the marriage, be stricken therefrom; and that, as so modified, the judgment be and is hereby affirmed. Motion of counsel for additional attorney's fees in this court, is denied. In view of the previous allowance made by the trial court for costs on appeal, no costs are awarded.

Hartson, D. J., concurs.

Wm. E. Lee, C. J.—I concur in the conclusions reached.

Reed, D. J., concurs, except that he is of opinion that an attorney's fee of $3,000, and a separate maintenance of $200 per month, should be allowed.

BUDGE, J.—I dissent from that portion of the opinion denying appellant a decree of divorce. To my mind there is no substantial conflict in the evidence, and there is ample evidence to support the charge of desertion. Otherwise, I concur in the conclusions reached.

Petition for rehearing denied.