[Civil No. 4717. Filed May 1, 1944.]

[148 Pac. (2d) 999.]

JANE RYLAND BYERS and R. M. BYERS, Her Husband, Petitioners, v. SUPERIOR COURT OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI and THE HONORABLE RICHARD LAMSON, Judge of Said Superior Court. Respondents.

V. CLARE DODD, Party in Interest.

Mr. George D. Locke and Mr. J. B. Sumter, for Petitioners.

Mr. B. G. Thompson, for V. Clare Dodd, Party in Interest.

ROSS, J.—This litigation is over which of the divorced parents is entitled to the custody of their two minor children, but the particular question now presented to this court is what superior court of the state has, under the facts, jurisdiction to decide that question.

V. Clare Dodd and Jane Ryland intermarried in Denver, Colorado, May 15, 1933, and thereafter lived together as husband and wife in Tucson, Arizona, until January, 1938, when the wife left or deserted her husband and took their two minor children, Harriett Mary, born May 22, 1935, and Ann Shirley, born April 22, 1936, to Denver, Colorado.

On the complaint of V. Clare Dodd that his wife had deserted him, he was on October 11, 1938, in the superior court of Pima County granted a divorce, and in the decree the custody of the children then in Colorado with their mother was awarded to the mother, with the right of visitation by plaintiff ''any day and at all reasonable hours.''

In 1943 Jane Ryland Dodd and R. M. Byers intermarried at Phoenix, and since then and up to the present time she, her husband and children have had their domicile at Rock Springs, Yavapai County, Arizona.

On March 11, 1944, V. Clare Dodd filed his petition in the superior court of Yavapai County for a writ of habeas corpus for the two minor children, the object of such action being to determine which of their parents was entitled to their custody, and thereafter, on April 12, 1944, the mother, Jane Ryland Byers,

and her husband, R. M. Byers, filed their petition in this court, reciting the facts as we have indicated above, praying for an alternative writ of prohibition to issue against the superior court of Yavapai County and V. Clare Dodd, staying said proceeding until the further order of this court.

It is apparent that the writ of prohibition is sought to prevent the superior court of Yavapai County from taking jurisdiction of the *habeas corpus* proceeding. It is the contention of the petitioners that the superior court of Pima County, in which the action for divorce was filed, still retains jurisdiction under the facts and circumstances to change, alter or amend its decree concerning the custody of the minor children, if the facts appearing at this time authorize such a change. This contention is based upon section 27–811, Arizona Code Annotated 1939, reading as follows:

*"Modification of judgment affecting alimony and children.*—The court may from time to time after the entry of final decree, on petition of either party, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and amend, change or alter any provision therein respecting the care, custody or maintenance of the children of the parties as the circumstances of the parties and the welfare of the children may require.*"

The respondent makes the point that the provisions of such section would apply only if the court had jurisdiction of the children in the divorce proceedings. When the decree in the divorce was entered, the children and their mother were in Colorado and, under the decisions, we think the court was without power to give their custody to the wife.

"A foreign decree of divorce awarding custody of the children, entered when neither defendant nor the

children were within the jurisdiction of the court, so far as the award of custody is concerned, is of no effect for want of jurisdiction. So also the order of a court awarding the custody of a child of parents divorced in a foreign state is beyond the court's power, where the child's domicile is in such foreign state; . . . ." 19 C. J. 367. See also 27 C. J. S., Divorce, § 333.

■■ The court having no jurisdiction in the divorce case to award the custody of the children, it stands as though no order for their disposition has ever been made and such award was null and void. The superior court of Pima County was without power or authority to make the order disposing of the custody of the children. The question of their disposition is yet to be determined by a court of competent jurisdiction. It seems to us that court is the superior court of Yavapai County where the petitioners (defendants in the *habeas corpus* proceedings) reside, and where the children whose custody is to be determined reside.

Section 21–101, Arizona Code Annotated 1939, provides that "No person shall be sued out of the county in which he resides," with certain exceptions which are of no effect in this proceeding.

We think the alternative writ of prohibition should be quashed, and it is so ordered.

McALISTER, C. J., and STANFORD, J., concur.