224 P.2d 306·

**Ex parte DERR.**
**DERR v. McCULLEY et al.**

No. 7641.

Supreme Court of Idaho.

Nov. 16, 1950.

John W. Cramer, Lewiston, for petitioner and appellant.

528

Paul W. Hyatt, Lewiston, for respondents.

PORTER, Justice.

Prior to February 4, 1948, appellant and respondent, Eleanor McCulley, were husband and wife. They were residents of the State of Oregon. On the mentioned date at Salem, Oregon, appellant was granted a decree of divorce against such respondent wherein he was awarded the care and custody of their minor daughter, Carolyn Ann Derr, then of the age of five years, with the right of visitation on the part of such respondent. Thereafter, the child was in the custody of appellant at Dayville, Oregon.

On July 15, 1948, respondent, Eleanor McCulley, with the consent of appellant, took the child with her to the home of her mother at Deer Island, Oregon, for a visit. In August, 1948, appellant visited at Deer Island. He was then advised by such respondent that she intended to move to the State of Idaho and she requested his permission to take their daughter with her to Idaho. Appellant consented upon the claimed but disputed condition that Carolyn Ann Derr be returned to him by respondent as soon as respondent was able after the birth of respondent's expected child.

On or about September 1, Eleanor McCulley moved to Canfield, Idaho, bringing Carolyn Ann Derr with her. On September 4, 1948, such expected child was born. On November 6, 1948, Eleanor McCulley was married to respondent, Charles McCulley, and they established their residence on a ranch near Canfield where they have continued to reside. The child, Carolyn Ann Derr, has at all times since on or about September 1, 1948, been in the care and custody of and resided with her mother and since the marriage of respondents, has lived in their home.

On November 17, 1948, appellant demanded possession of Carolyn Ann Derr but his demand was refused. On May 13, 1949, appellant instituted habeas corpus proceedings against respondents for the purpose of securing custody of Carolyn Ann Derr. By their return to the writ of habeas corpus, respondents alleged a change in conditions and circumstances arising since the granting of the Oregon decree and that the best interests of the child required that her care and custody be awarded to the mother. By his answer to such return, appellant, after generally denying the allegations of the return, by way of affirmative answer, alleged the Oregon decree, alleged his fitness to have the custody of the child, alleged the unfitness of Eleanor McCulley to have such custody and alleged that the welfare and best interests of the child required that she be removed from the custody of her mother. The cause was heard by the court and resulted in judgment denying appellant the custody of such child and awarding her custody to respondent, Eleanor McCulley. From such judgment, appellant has appealed to this court.

By his assignments of error, appellant urges that the trial court erred in finding that it had jurisdiction of all the parties and the subject matter of the action; in finding that Carolyn Ann Derr has been a resident of and domiciled in the State of Idaho since on or about the 1st day of September, 1948; and in failing to grant appellant the custody of Carolyn Ann Derr and instead, remanding said child to the custody of her mother. In support of his contention, appellant appears to take the position as shown by his points and authorities, that under the full faith and credit clause of the Federal Constitution, the lower court had no jurisdiction to modify the custody decree of the Oregon court because the child was not domiciled within the State of Idaho; and that "the only court which has power to alter the status of a minor child as fixed by divorce decree, providing for custody, is the court in which the minor child is domiciled."

■ It is the generally accepted rule that under the full faith and credit clause of the Federal Constitution, the courts of one state will give full force and effect to a valid custody decree of another state as long as the circumstances attending the rendition of the decree remain the same; but that custody may be awarded otherwise than in accordance with the original decree upon proof of facts and circumstances arising subsequent to the decree which justify such inconsistent award in the interest of the welfare of the child. Annotation 20 A.L.R. 815; Annotation 160 A. L.R. 408; 17 Am.Jur. 521–3. This rule has been adhered to in Idaho. Stewart v. Stewart, 32 Idaho 180, 180 P. 165; Duryea v. Duryea, 46 Idaho 512, 269 P. 987; Cole v. Cole, 68 Idaho 561, 201 P.2d 98.

Appellant apparently does not contest the foregoing rule but takes the indicated po-

sition that the local court has no jurisdiction to do other than enforce the original custody decree where the child is not domiciled in the state and is only temporarily present therein. Appellant cites respectable authority in support of this legal proposition. However, his cited authorities seem to support a minority rule. The majority rule appears to be that a court in a proper case may make an award of custody although the child is not technically domiciled within the state. · See Annotation 4 A.L.R. 2d 41 for extended discussion and citation of authorities.

In Stewart v. Stewart, supra, the wife instituted an action in divorce and prayed for the custody of the minor children. The husband set up as a defense a former custody decree entered in the State of Nebraska whereby the custody of the children was awarded to each of the parents for alternate periods of two weeks. In affirming the award of the custody of the minor children to the mother, this court said on page 185–186 of 32 Idaho, on page 166 of 180 P.: "Both of the parties and all of the children were in the jurisdiction of the court; the children having lived here in Idaho with their mother some four years prior to the time the action was begun. Under such circumstances, and under the authorities above cited, it was not only the right, but the duty, of the court to make such order touching the custody of the

minor children as he deemed appropriate and best suited to their welfare in the premises."

In Stephens v. Stephens, 53 Idaho 427, 24 P.2d 52, the husband instituted an action for divorce in Idaho, praying for the custody of a minor son living with him and of a minor daughter living with her mother. The mother and daughter were residents of and domiciled in the State of Washington. The mother voluntarily came to Idaho and submitted herself to the jurisdiction of the Idaho court, praying that she be awarded the custody of both of the minor children. This court, after distinguishing the case of Duryea v. Duryea, supra, held that the court had jurisdiction to award the custody of the minor daughter.

Carolyn Ann Derr was not brought to the State of Idaho by stealth or fraud or in violation of the terms of the Oregon decree. She was brought to Idaho with the knowledge and consent of appellant. She resided in Idaho with her mother for more than eight months prior to the commencement of this action. Appellant voluntarily came to Idaho and invoked the jurisdiction of the court to secure custody of Carolyn Ann Derr. By his affirmative answer, he tendered the issues of his present fitness, the mother's unfitness and the welfare of the child. At the trial appellant made no objection to evidence of-

fered by respondents on such issues but on the contrary, offered evidence on such issues in his own behalf. Under these circumstances, we must hold that the court had jurisdiction to award the custody of Carolyn Ann Derr as her welfare required irrespective of whether or not she had acquired a technical domicile within the State of Idaho as found by the trial court.

In his appeal, appellant does not challenge the findings of the court as to changed conditions and circumstances and that the welfare of the child required that her custody be awarded to her mother. We have, therefore, deemed it unnecessary to set out the unsavory details of the conduct of both parties. The evidence fully discloses that the welfare of Carolyn Ann Derr required that she be remanded to the custody of her mother.

Appellant's last assignment of error suggesting that the court erred in sustaining the objection to the question asked of Eleanor McCulley's attending physician concerning the birth of her last child is not discussed in appellant's brief. On its face, such assignment of error appears to be without merit.

The judgment of the trial court is sustained. Costs are awarded to respondents.

GIVENS, C. J., TAYLOR and KEETON, JJ., and SUTTON, District Judge, concur.