239 P.2d 266

CLEMENS v. KINSLEY.

No. 7724.

Supreme Court of Idaho.

Dec. 26, 1951.

Kibler & Beebe, Nampa, for respondent.

Karl Jeppesen, Boise, for appellant.

TAYLOR, Justice.

The parties were married in 1929 at Guffy, Oklahoma. Thereafter and for about fifteen years prior to 1947 they made their home in the state of Oregon. Four children were born of this union; three boys and one girl, the girl being the youngest. In 1947 the plaintiff separated from the defendant and moved from Oregon to Nampa, Canyon County, Idaho, bringing with him the three boys. The defendant continued to reside in Oregon where the daughter lived with her.

In November, 1948, the plaintiff filed suit for divorce in Canyon County. In his complaint he alleged that the three sons were in his custody and control and that the minor daughter, Francis Mae Clemens, then age 4, was outside of the jurisdiction of the court and in the care, custody and control of the defendant. Summons in the divorce action was personally served on the defendant at Woodburn, in the state of Oregon. Upon receipt of the summons, defendant sought counsel in Salem, Oregon, and her counsel and plaintiff's counsel conducted negotiations regarding the custody of the children, as a result of which it was agreed that the defendant would have the care, custody and control of the minor daughter. Default of the defendant for failure to appear was subsequently entered and decree of divorce followed, December 27, 1948. The plaintiff was awarded custody of the three boys residing with him in Canyon County, Idaho; but the daughter, then living with the defendant in Oregon, was not mentioned.

Both parties have since remarried.

In January, 1949, at plaintiff's request, the defendant accepted the temporary custody of two of the boys, who thereafter resided with her at her home in Oregon until June, 1950. When they were returned to their father's home in Idaho, Francis Mae came with them for a visit, it being agreed

that she would be returned to her mother after a few weeks. In the forepart of July the defendant and her husband came to Idaho on a vacation trip and on their way back to Oregon called at the home of the plaintiff on July 18, for the purpose of taking the daughter back with them. The plaintiff informed them he had changed his mind and refused to deliver the child. After some negotiation they were advised by a brother of the plaintiff that if they would wait at a certain address until 2:30 in the afternoon of the 21st of July, the child would be delivered to them. They accordingly awaited at the indicated address until after the appointed hour, when the defendant was served with summons, complaint and order to show cause in this action. The complaint prays for judgment giving the plaintiff custody of the child. In addition to the usual provision for a hearing on the question of custody pendente lite, the order to show cause also restrained the defendant from taking or removing the child from the jurisdiction of the court, or interfering with the plaintiff's temporary custody of her.

Defendant then procured counsel and filed a motion to quash the order to show cause, supported by her affidavit reciting the facts substantially as above outlined, and also setting forth the complaint in the divorce action. The principal ground urged by the motion is that the court was without jurisdiction, it being urged that the plaintiff had mistaken his remedy; that he should have proceeded by motion for a modification of the decree in the divorce action in Canyon County, instead of bringing this independent action for custody in Ada County; that this, not being a divorce action, nor a proceeding by habeas corpus, nor an action to determine the custody of children following separation of the parents within the purview of § 32–1005, I.C., is unknown to Idaho law and the court is without jurisdiction in the premises. Subsequently, defendant moved the court to dismiss the action on the same grounds. By its order dated October 3, 1950, the court granted both motions, quashed the order to show cause and dismissed the action, on the ground of want of jurisdiction.

Upon being advised of this order, the defendant returned to Idaho and with her attorney went to the school in Nampa, where Francis Mae was in attendance, and representing to the teacher and superintendent that the order restraining defendant from exercising custody of the child had been rescinded, took the child and returned her to Oregon.

On November 15th, following, this appeal was taken by the plaintiff. The defendant has filed a motion in this court for a dismissal of the appeal on the ground that the cause has become moot, and sets up in support thereof the facts concerning the return of the mother and child to their domicil in Oregon and that they now are beyond the jurisdiction of the courts of Idaho.

■ It is generally held that a court, once having obtained jurisdiction of the parties and the subject-matter, does not lose that jurisdiction by subsequent acts of the parties. The issue has not become moot by the removal of the defendant and child back to Oregon. Cole v. Cole, 68 Idaho 561, 201 P.2d 98; Sampsell v. Superior Ct., 32 Cal.2d 763, 197 P.2d 739; Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551; Annotation 4 A.L.R.2d 31; Annotation 9 A.L.R.2d 446. The first question presented is that of the jurisdiction of the trial court. As noted, defendant contends that the jurisdiction to determine the custody of the child, Francis Mae, still reposes in the district court in Canyon County. So far as the original proceedings in that court are concerned, it never acquired jurisdiction to determine the custody of this child, the service being by substitution, and the defendant and the child being out of the state. Duryea v. Duryea, 46 Idaho 512, 269 P. 987; Cole v. Cole, supra; State ex rel. Ranken v. Superior Ct., 6 Wash.2d 90, 106 P.2d 1082; Byers v. Superior Ct., 61 Ariz. 284, 148 P.2d 999; Lake v. Lake, 63 Wyo. 375, 182 P.2d 824; Callahan v. Callahan, 296 Ky. 444, 177 S.W.2d 565; Oxley v. Oxley, 81 U.S.App.D.C. 346, 159 F.2d 10; Annotation 4 A.L.R.2d 7; Annotation 9 A.L.R.2d 434; 27 C.J.S., Divorce, § 303b; 17 Am.Jur., Divorce & Separation, § 688.

Whether, subsequently to its decree, the mother and child being found within the state, the divorce action could have been revived to determine the custody of the child by supplemental proceedings, we do not decide.

■ So far as venue is concerned, the action was properly filed in Ada County, the defendant being a nonresident of the state. § 5–404, I.C. Concededly, plaintiff could not obtain a writ of habeas corpus, he having possession of the child. § 19–4201, I.C.; Evans v. Dist. Ct., 47 Idaho 267, 275 P. 99; 39 C.J.S., Habeas Corpus, § 9; State v. Olsen, 53 Idaho 546, 26 P.2d 127. Nor is this a case of separation without divorce under § 32–1005, I.C.

■ However, we are not confined to statutory provisions for a delineation of the jurisdiction of the district court. "The jurisdiction of the courts of this state in divorce actions is conferred by the constitution. Art. 5, section 20, as follows: 'The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law.' The broad jurisdiction thus created is not subject to diminution by legislative act. Constitution, Art. 5, section 13; Fox v. Flynn, 27 Idaho 580, 150 P. 44." Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031, 1033. And apparently the legislature has not attempted any such limitation. § 1–705, I.C. Hence, legislation providing for habeas corpus, the determination of custody and support in divorce actions, and for custody in cases of separation without divorce, cannot be construed as in any way limiting the jurisdic-

tion conferred by the constitution on the district court. Nor can those statutes be given the effect of denying the right of recourse to that court for relief in cases not provided for by such legislation. No logical reason has been suggested, or appears, why the district court in a proper case should not determine the custody of an infant in an independent action brought for that purpose. If the venue chosen is not proper for the trial, a change is provided for. §§ 5–406 and 5–407, I.C.

We conclude that the district court of the third district for Ada County had jurisdiction to hear and determine the cause of action alleged in the complaint. Stewart v. Stewart, 32 Idaho 180, 180 P. 165; Simonton v. Simonton, 33 Idaho 255, 193 P. 386; Vollmer v. Vollmer, 47 Idaho 135, 273 P. 1; Stephens v. Stephens, 53 Idaho 427, 24 P.2d 52; Sauvageau v. Sauvageau, 59 Idaho 190, 81 P.2d 731; Radermacher v. Radermacher, 61 Idaho 261, 100 P.2d 955; Stone v. Bradshaw, 64 Idaho 152, 128 P.2d 844; Cole v. Cole, 68 Idaho 561, 201 P.2d 98; Addy v. Stewart, 69 Idaho 357, 207 P.2d 498; Hunter v. Clawson, 70 Idaho 324, 216 P.2d 949; Foy v. Foy, 23 Cal.App.2d 543, 73 P.2d 618; Urbach v. Urbach, 52 Wyo. 207, 73 P.2d 953, 113 A. L.R. 889; Haynes v. Fillner, 106 Mont. 59, 75 P.2d 802; State ex rel. Ranken v. Superior Ct., 6 Wash.2d 90, 106 P.2d 1082; Byers v. Superior Ct., 61 Ariz. 284, 148 P.2d 999; Green v. Green, Tex.Civ.App., 146 S.W. 567; Workman v. Workman, 191

Ky. 124, 229 S.W. 379; Carroll v. Carroll, 158 S.C. 162, 155 S.E. 271; Chase v. Bartlett, 176 Ga. 40, 166 S.E. 832; Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 40 A. L.R. 937; Sheehy v. Sheehy, 88 N.H. 223, 186 A. 1; 107 A.L.R. 635, annotation 642; Dovi v. Dovi, 245 Wis., 50, 13 N.W.2d 585, 151 A.L.R. 1368; Annotation 4 A.L.R.2d 7; Annotation 9 A.L.R.2d 434; Briggs v. Briggs, 111 Utah 418, 181 P.2d 223.

Some courts have denied jurisdiction where, as here, the child was only temporarily within the state, his domicil being elsewhere. 43 C.J.S., Infants, § 5, p. 53, note 53. However, we consider the better view is that taken by other courts to the effect that if the child is actually within the state, its courts may determine his custody, although his legal domicil is elsewhere. 43 C.J.S., Note 54, p. 53, supra. Ex parte Derr, 70 Idaho 527, 224 P.2d 306; Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1.

"§32. The minor child's domicil, in the case of divorce or judicial separation of its parents, is that of the parent to whose custody it has been legally given; if there has been no legal fixing of custody, its domicil is that of the parent with whom it lives, but if it lives with neither, it retains the father's domicil."

"§148. In any state into which the child comes, upon proof that the custodian of the child is unfit to have control of the child, the child may be taken from him and given while in the state to another person."

American Law Institute, Restatement of Conflict of Laws.

▮▮▮ In this case the domicil of the child was and continues to be at the home of its mother in Oregon. Lyons v. Egan, 110 Colo. 227, 132 P.2d 794; 17 Am.Jur., Domicil, § 29; Annotation 53 A.L.R. 1160. The child, being within the state, albeit temporarily, the question becomes one not of jurisdiction, but as to whether that jurisdiction should be exercised and, if so, to what extent. The trial court should have entertained the cause for the purpose of determining first, whether it would exercise its jurisdiction at all—that is, whether the welfare of the child required it to act—and second, if it determined that the circumstances required it to act, whether it should undertake to decree the custody permanently or on a temporary basis. In re Cameron's Guardianship, 66 Cal.App.2d 884, 153 P.2d 385; McMillin v. McMillin, 114 Colo. 247, 158 P.2d 444, 160 A.L.R. 396; Sheehy v. Sheehy, 88 N.H. 223, 186 A. 1, 107 A.L.R. 635; Annotation 642; Annotation 9 A.L.R.2d 434.

Justice Garwood of the Supreme Court of Texas has well stated the problem: "The principle underlying jurisdiction of the subject matter in child custody cases is the welfare of society, primarily as evidenced by the welfare of the child, but involving also the right, and for that matter, the duty, of a state, being the relatively independent sovereign that it is, to look after the welfare of individuals within its borders, as well as the duty of such state to contribute toward the orderly administration of justice under our federal system by paying due heed to existing relationships on the part of the child or other persons concerned with other states, whether within or without the scope of the full faith and credit clause of the federal constitution. . Ordinarily the courts of the domiciliary state are in a better position to pass intelligently on the matter of the child's welfare, and good order frequently requires that they do so to the exclusion of courts of other states in which the child is temporarily resident. But where the latter are in a more or less equally good position to determine the child's best interest, and their doing so appears to involve no particular prejudice to good order or social welfare, they have jurisdiction." Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 878, 4 A.L.R.2d 1, at p. 5.

▮▮▮ This question was not considered by the trial court, its jurisdiction being questioned on other grounds. That court had before it the complaint and plaintiff's affidavit supporting his motion for the temporary restraining order, and the affidavit of merits by the defendant in support of her motions to quash and to dismiss. There was no counter showing by the plaintiff. The complaint and supporting affidavit charge the defendant with acts of misconduct occurring at her home in Oregon challenging her fitness for custody of the child. Neither party made any showing as to the location of or availability of witnesses to prove or disprove these allega-

tions, the financial condition of the parties, or other pertinent facts from which the court might determine whether the same impartial justice can be meted out to the child and to the parties by the Idaho court, as can be done by the Oregon court at the location of the alleged wrongdoings.

These questions, and any consideration of comity which may be urged, should be resolved by the trial court after a full showing and hearing thereon.

The judgment is reversed with directions to require the parties to present the facts relevant to the issues here indicated and proceed in conformity herewith.

No costs allowed.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.