304 P.2d 641

**In the Matter of the Application of Deloris Jean PAUL for a Writ of Habeas Corpus.**

**Deloris Jean PAUL, Petitioner-Respondent,**

v.

**Miles Allen PAUL, Defendant-Appellant.**

No. 8436.

Supreme Court of Idaho.

Dec. 5, 1956.

Cox, Ware & Stellman, Lewiston, for appellant.

Blake & Givens, Lewiston, for petitioner-respondent in the district court.

SMITH, Justice.

Appellant and respondent were married November 11, 1950. Elizabeth Joy Paul, the minor child involved in this proceeding, was born September 24, 1951, as the issue of the marriage.

Appellant's domicile was in the State of California, commencing the month of March, 1953, and continuing to and including January 9, 1956, when the hearing of this cause was concluded in the lower court.

Appellant and respondent separated in California during February 1954, at which time respondent came to the State of Idaho bringing the minor child with her.

. April 30, 1954, appellant came to Idaho, got the child from respondent, and returned with the child to California.

Respondent obtained a divorce by default from appellant during the fall of the year

1954, in the district court in Nez Perce County. The custody of the child was not an issue in the divorce proceeding.

December 12, 1955, while appellant was temporarily in the State of Idaho accompanied by the child, respondent commenced this habeas corpus proceeding seeking the custody of the child.

Appellant incorporated in his return to the writ his motion for an order quashing the writ on the ground that the petition failed to allege facts sufficient to justify issuance of the writ. The record does not indicate that the trial court ruled on such motion. Appellant, at the conclusion of a hearing on the merits, again moved the court for an order quashing the writ and dismissing the proceeding on grounds of insufficiency of the evidence to justify the relief which respondent sought and lack of jurisdiction of the Idaho court to grant such relief, which motion the trial court denied.

The trial court thereupon entered judgment awarding custody of the child to respondent until further order. Appellant thereupon perfected this appeal from the judgment.

 September 21, 1956, Blake & Givens withdrew as respondent's attorneys. September 24, 1956, appellant caused written notice and demand to be served on respondent, in accordance with the statute, I.C. sec. 3–206, that she employ counsel to represent her on said appeal. During the intervening period of sixteen days to and including October 10, 1956, the date set for argument of the cause before this Court, respondent failed and refused to comply with such notice, and has not shown any excuse for not employing another counsel or appearing in person. Under the circumstances respondent had reasonable time to comply with the notice served upon her. Notice in accordance with the statute is sufficient. I.C., sec. 3–206. Peters v. Walker, 37 Idaho 195, 215 P. 845.

Appellant by his specifications of error has saved for review the questions presented by his motions to quash and dismiss.

 We shall first dispose of the question of jurisdiction, which was properly raised by appellant's motion to quash. 39 C.J.S., Habeas Corpus, § 86, p. 648.

 The domicile of the minor child at the time of the proceeding in the trial court was with her father in the State of California, Clemens v. Kinsley, 72 Idaho 251, 239 P.2d 266, he being a natural guardian of his child entitled to her custody. Schiller v. Douglas, 48 Idaho 803, 285 P. 1021. The fact that the child was so domiciled does not forbid invocation of jurisdiction of the courts where the welfare of the child is in issue. In American Law Institute, Restatement of Conflict of Laws, sec. 148, the rule is stated:

"In any state into which the child comes, upon proof that the custodian of the child is unfit to have control of the child, the child may be taken from him and given while in the state to another person."

In Clemens v. Kinsley, supra, a habeas corpus proceeding involving child custody, appears the following expression of the rule [72 Idaho 251, 239 P.2d 270]:

"The child, being within the state, albeit temporarily, the question becomes one not of jurisdiction, but as to *whether that jurisdiction should be exercised* and, if so, to what extent. The trial court should have entertained the cause for the purpose of determining first, whether it would exercise its jurisdiction at all—that is, whether the welfare of the child required it to act —and second, if it determined that the circumstances required it to act, whether it should undertake to decree the custody permanently or on a temporary basis." (Emphasis supplied.)

In conformity with the announcements of this Court, the trial court had jurisdiction to entertain respondent's petition for habeas corpus, though the child's domicile was the State of California.

The next question as to whether the lower court should have exercised jurisdiction, must be approached initially in the light of the rule: that the respondent in a habeas corpus proceeding may, by motion to quash, avail himself of facts appearing in the petition sufficient to preclude the issuance of the writ. Cole v. Cole, 68 Idaho 561, 571, 201 P.2d 98. This rule requires examination of the allegations of fact, or lack thereof, in the petition for a writ of habeas corpus.

Respondent in her said petition alleged in effect only, that she was a fit and proper person to have the custody of the child. Respondent failed to allege any fact or circumstance to show that the child was in any unsavory or unfit environment; or that the child's custodian, her father, was in anywise unfit to have and continue to have her custody, although alleging that the child has been in her father's custody for some fourteen months (the evidence shows over nineteen months) preceding commencement of the proceeding. Briefly stated, the petition failed to allege any fact or circumstance bearing upon the child's welfare.

The petition on its face shows that appellant, the child's father, had legal right to the custody of the child and, by failure to challenge, admitted not only the fitness of appellant as the child's custodian but also, that the child's best welfare in such custody was not in issue. Therefore appellant properly challenged the facts alleged in respondent's petition as being so

insufficient as to preclude and forbid the issuance of the writ. The trial court committed error in failing to quash the writ and dismiss respondent's petition.

Appellant challenges the sufficiency of the findings of fact and conclusions of law of the trial court. The findings and conclusions as they relate to the child, set out that there was no showing as to the accommodations and home that appellant had maintained during the time the child was with him; that based on the present condition and status of respondent, the child's best interests and welfare will be accomplished by having the child placed in respondent's custody; that the court should retain jurisdiction of the matter in the best interests of the child for the purpose of determining the permanency of respondent's present marriage, the circumstances surrounding her home life and the conduct of her present husband.

■ Respondent in her pleading in nowise raised the issue of the insufficiency of appellant's home. The evidence clearly established, however, that appellant maintained a home with good environment for his daughter, as well as for his mother who cared for the child while appellant was at work; also that his earnings were ample to, and they did, adequately care for the child and maintain a proper home for her.

■ No fact was found by the court upon which to base the conclusion that the best interests of the child will be served by placing her in respondent's custody; also, no fact was found concerning the conduct and reputations of both respondent and her present husband, nor in regard to their home or home life, circumstances, surroundings and environment. The findings and conclusions were entirely insufficient and do not support the decree awarding the custody of the child to respondent.

■ We do not deem it necessary to set out the unsavory details of the conduct and reputations of both respondent and her present husband. Suffice it to say that a review of the evidence fully sustains appellant's assignment of error of the insufficiency of the evidence to justify the relief which respondent sought, i. e., the custody of the minor child, Elizabeth Joy Paul.

■ The child's welfare is the polar star by which the court must be guided in awarding its custody. Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243; Application of Altmiller, 76 Idaho 521, 285 P.2d 1064; Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91.

The judgment of the trial court, awarding the custody of the minor child Elizabeth Joy Paul to respondent, is reversed

376

and ordered set aside, and the cause remanded with instructions to enter judgment restoring the custody of the child to appellant. Costs to appellant.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.