853 P.2d 583

**Jerri Lynne BEEMAN, Petitioner–Appellant,**

v.

**Magistrate Judge Gordon W. PETRIE, in his official capacity, and Edwin Guy Schiller, the real party in interest, Respondents.**

No. 19122.

Supreme Court of Idaho,
Boise, December 1992 Term.

May 28, 1993.

Marcus, Merrick & Montgomery, Boise, for appellant. Gale M. Merrick argued.

Schiller & Schiller, Chtd., Nampa, for respondents. James E. Schiller argued.

Submitted on the briefs without oral argument.

JOHNSON, Justice.

This is an appeal from a district judge's dismissal of an application for writ of review in a child custody case in which a magistrate judge issued a contempt order. In the course of the appeal, Edwin Guy Schiller requested this Court to issue a writ of habeas corpus requiring Jerri Lynne Beeman to return the child to him.

We conclude that the district judge should have granted the application for review to address the question of the jurisdiction of the magistrate judge to issue the contempt order. We deny the request for a writ of habeas corpus.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Beeman and Schiller were divorced in 1978. This appeal grew out of a dispute more than a decade later concerning Beeman's failure to return the minor child of Beeman and Schiller to Schiller following visitation of the child with Beeman in New Zealand. The magistrate judge held Beeman in contempt of court and ordered her to serve five days in the county jail and pay a fine of $500.00. In the same order, the magistrate judge terminated Beeman's joint custody and right of visitation and amended the custody order to provide Schiller with sole legal and physical custody of the child. The magistrate judge also found that Beeman's representations to the court during a trial concerning the custody of the child to the effect that Beeman would obey any order of the court were obviously false and amounted to a perpetration of fraud on the court. The magistrate judge ordered Beeman to reimburse Schiller $9,840.00 for his attorney fees incurred in previous trials concerning the custody of the child. The magistrate judge also ordered Beeman to reimburse Schiller $1,126.05 in attorney fees and costs incurred in the proceeding that led to the finding of contempt and order.

Beeman applied to the district judge for a writ of review claiming the magistrate judge exceeded his jurisdiction by awarding attorney fees in the contempt proceeding. The district judge dismissed Beeman's application on the ground that a writ of review was inappropriate because contempt orders are appealable under I.A.R. 11(a)(4), if certified as final by the magistrate judge under I.R.C.P. 54(b). Beeman appealed to this Court.

## II.

### THE DISTRICT JUDGE SHOULD NOT HAVE DISMISSED THE APPLICATION FOR WRIT OF REVIEW.

■ Beeman asserts that the district judge should not have dismissed the application for writ of review, because a writ of review is a proper method to seek a higher court's review of a contempt order. We agree that a writ of review is a proper method to seek a higher court's review of a lower court's jurisdiction to issue a contempt order.

The legislature has established the prerequisites for granting a writ of review:

A writ of review may be granted by any court except the magistrates division of the district court, when an inferior tribunal, board or officer exercising judi-

cial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.

I.C. § 7–202.

This Court has specified the procedures for taking an appeal from a magistrate judge:

An appeal must first be taken to the district judges division of the district court from any of the following judgments, orders or decisions rendered by a magistrate:

. . . .

(2) Any of the orders, judgments or decrees in an action in the magistrate's division which would be appealable from the district court to the Supreme Court under Rule 11 of the Idaho Appellate Rules.

I.R.C.P. 83(a)(2).

I.A.R. 11(a)(4) provides:

An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:

(a) Civil Actions. From the following judgments and orders of a district court in a civil action:

. . . .

(4) Any contempt order or judgment certified by the trial court to be final as provided by Rule 54(b), I.R.C.P.

■ The combined effect of these rules is that a contempt order of a magistrate judge that is certified by the magistrate judge to be final as provided by I.R.C.P. 54(b) is appealable to a district judge. If a contempt order is properly certified to be final, the party who seeks review of the order must appeal, rather than pursuing a writ of review.

If, however, a party wishes only to challenge the jurisdiction of the court to issue the contempt order, and if the order has not been properly certified as final pursuant to I.R.C.P. 54(b), the party may pursue a writ of review.

In this case, Beeman did not request certification of the magistrate judge's finding of contempt and order pursuant to

I.R.C.P. 54(b). Therefore, Beeman did not have the right to appeal, but only to challenge, by means of a writ of review, the magistrate judge's jurisdiction to issue the contempt order.

In *Malloy v. Keel,* 43 Idaho 211, 213, 250 P. 389, 389 (1926), the Court held that the absence of remedy by appeal is a condition precedent to relief by writ of review. *Malloy* does not dictate that Beeman was required to seek certification pursuant to I.R.C.P. 54(b) before proceeding with an application for writ of review. On considering an application for certification pursuant to I.R.C.P. 54(b), a trial court has discretion whether to certify. This process does not give a party the right to appeal, but only the opportunity to appeal, if the trial court grants certification.

Our conclusion is buttressed by the comments of the Court in *Marks v. Vehlow,* 105 Idaho 560, 671 P.2d 473 (1983). In *Marks,* the Court noted:

While this Court has plenary power, ID. Const. art. 5, § 9, to review a contempt case, and contempt orders, we believe that in the usual case such as this that a writ of review remains the proper method of securing review of a contempt order.

*Id.* at 567 n. 7, 671 P.2d at 480 n. 7 (citations omitted).

Although *Marks* preceded the addition of the current version of I.A.R. 11(a)(4), we see no reason to alter the right to pursue a writ of review to challenge the jurisdiction of a court to issue a contempt order, merely because there is the possibility of obtaining certification pursuant to I.R.C.P. 54(b) and appealing.

### III.

### SCHILLER IS NOT ENTITLED TO A WRIT OF HABEAS CORPUS.

■ Schiller has requested that we issue a writ of habeas corpus requiring Beeman to return the child to Schiller's custody. Schiller's affidavit in support of this request states that Beeman and the child are still in New Zealand. There is no further information about the whereabouts of the child. Because the record does not indicate

that the child is in the state of Idaho, we have no authority to grant the writ of habeas corpus.

## IV.

## CONCLUSION.

We reverse the district judge's dismissal of the application for writ of review and remand the case to the district judge for further proceedings.

We deny the request for a writ of habeas corpus.

We award Beeman costs on appeal. We do not award attorney fees on appeal.

McDEVITT, C.J., TROUT, J., and McKEE, J. Pro Tem concur.

BISTLINE, J., specially concurring.

I fully concur in the Court's opinion other than to add that ample authority supports the proposition that an appropriate writ be directed to Jerri Beeman requiring her to return the child of the parties to the father, albeit that the writ may be nonproductive until such time as she is amenable or susceptible to service of process. *Clemens v. Kinsley*, 72 Idaho 251, 239 P.2d 266 (1951) (and copious other authority cited therein); *Ex Parte Derr*, 70 Idaho 527, 224 P.2d 306 (1950).